256 So.2d 617

**STATE of Louisiana**

**v.**

**Joseph A. BROWN and William Matthews.**

**No. 51200.**

Jan. 17, 1972.

David L. French, Samuel M. Cashio, Baton Rouge, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Donald L. Beckner, Asst. Dist. Atty., for plaintiff-appellee.

HAMLIN, Justice:

Defendants appeal from their convictions of the crime of aggravated rape, LSA–R.S. 14:42, and their sentences to life imprisonment in the Louisiana State Penitentiary.

Ex proprio motu, we take cognizance of the following facts occurring prior to submission of the case in this Court:

January 16, 1970—the jury returned a verdict of "Guilty Without Capital Punish-

ment" as to both Joseph A. Brown and William H. Matthews.

April 17, 1970—the accused, Joseph A. Brown with his court appointed counsel, David French, and the accused, William H. Matthews, with his attorney, Lawrence Uter, appeared in the trial court; sentence was deferred until April 24, 1970.

April 24, 1970—Brown and his counsel, David French, and Matthews and his counsel, Samuel M. Cashio who had joined with Mr. Uter, as cocounsel by virtue of motion and order of court, appeared in the trial court for sentencing. The sentence of imprisonment in the Louisiana State Penitentiary at hard labor for the remainder of their natural lives was imposed on Brown and Matthews. After counsel orally moved for an appeal, the trial court fixed June 24, 1970, as the return date.

June 22, 1970—the return date was extended to July 9, 1970.

June 24, 1970—return date extended to 60 days from June 24, 1970.

July 7, 1970—return date extended to September 4, 1970.

August 20, 1970—return date extended to 60 days from August 23, 1970.

September 28, 1970—Lawrence A. Uter withdraws as counsel with permission of the trial court.

October 20, 1970—return date extended to 60 days from October 22, 1970.

December 11, 1970—return date extended to 60 days from December 21, 1970.

February 18, 1971—transcript filed in this Court.

On December 1, 1971, counsel for Brown and Matthews filed a "Motion for Leave to Perfect Appeal" in this Court. It averred, in part:

"II

"That the following sequence of events and circumstances has resulted in the filing of the within appeal before this Honorable Court without the inclusion in the record of the Bills of Exception upon which this appeal is based, necessitating the filing of this motion, to-wit:

"(a) On April 24, 1970, undersigned Samuel M. Cashio filed with the lower court aforesaid a formal motion to be enrolled as co-counsel of record for the defendant, William H. Matthews, same being granted;

"(b) Subsequently, pleadings were filed with said lower court seeking copies of the voir dire and transcript, same being denied;

"(c) Application for writs was filed with the Honorable Supreme Court of Louisiana, same being likewise denied;

"(d) Application for writs was then filed with the United States Dis-

trict Court for the Eastern District of Louisiana, Baton Rouge Division, and this application was also denied;

"(e) Although notice of appeal was timely filed with the lower court, shortly thereafter Lawrence A. Uter died, and through inadvertence and oversight and due to an admitted lack of communication between counsel following the death of the said Lawrence A. Uter, original counsel herein, the record on appeal was filed without counsel having obtained the signature of the trial judge on the bills of exception or including same in the record.

"III

"Movers annex to this motion the four Bills of Exception [they are annexed in their entirety] referred to, but as reflected by the remarks of the trial judge, the lower court has declined to sign same for the reason that it has been divested of jurisdiction by virtue of the lodging of the appeal before this Honorable Court.

"WHEREFORE, movers pray for leave of Court to file this motion and to be allowed to submit herewith as part of the record on appeal the Bills of Exception annexed hereto, so as to perfect their appeal."

The remarks of the trial judge are as follows:

"The Court having been advised that the return date for this appeal has passed and the attached bills Nos. I–IV having not been presented to the Court until this date, I have declined to sign said bills.

"Baton Rouge, Louisiana this 30th day of November, 1971.

"[Sgd] John S. Covington
"Judge, Div. 'A'"

This Court did not act upon the motion. Counsel for the defendants filed a brief in this Court on December 10, 1971, in which they submitted four bills of exceptions for our determination. The State filed its brief on December 13, 1971; it attempted to refute the arguments of defense counsel on the four bills of exceptions. No mention was made by the State that the bills of exceptions had not been signed by the trial judge. The case was submitted on Friday, December 17, 1971, without argument.

Article 844(A), C.Cr.P., provides:

"The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845. In a case where the death sentence has been imposed, the appellate court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge."

Article 845, C.Cr.P., provides:

"The bills of exceptions reserved during the trial shall be submitted to the court and signed by it at any time prior to the granting of an order of appeal; except that if the bills of exceptions are not submitted and signed prior to the order of appeal the court shall fix a later date for the submission and signing of bills of exceptions, which extended date must be not later than the return day for the appeal. The court must sign the formal bills of exceptions, but may attach per curiam comments stating its reasons for the rulings. If the court refuses to sign a formal bill of exceptions, its refusal may be reviewed on a writ of mandamus."

■ This is a capital case, but the death sentence was not imposed. Under Article 844(A), supra, we are precluded from considering the bills of exceptions reserved during the proceedings.[1]

■ Even though we are unable to consider the bills of exceptions, particularly

Nos. 3 and 4, we have studied the record for errors patent on its face; such study has been made in the light of the errors alleged. We find not error patent on the face of the record. The convictions and sentences appealed from must therefore be affirmed. Cf. State v. Ash, 257 La. 337, 242 So.2d 535.

For the reasons assigned, the convictions and sentences are affirmed.

---

[1] Bills of Exceptions Nos. 1 and 2 were reserved when the trial court excused on voir dire prospective jurors Leroy V. Robbins, Jr. and Earl Z. Ramsey, said jurors having stated that they had scruples with respect to the infliction of capital punishment. It is to be noted that the jury returned a verdict of guilty without capital punishment.

Bill of Exceptions No. 3 was reserved to the trial judge's overruling defendants' objection to the following remark made by the Assistant District Attorney in his opening statement when he referred to the offense with which the defendants were charged as, "The most aggravated rape I've ever heard of."

Bill of Exceptions No. 4 was reserved when the trial court overruled defense counsel's objection to the admission in evidence of testimony given by the victim's mother relating what the victim had told her after the instant offense was committed.