302 So.2d 290 (1974)
STATE of Louisiana
v.
Joseph A. BROWN and William Matthews.
No. 54911.
Supreme Court of Louisiana.
October 28, 1974.
*291 James C. Dixon, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Warren J. Hebert, Special Prosecutor to Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Grand Jury of East Baton Rouge Parish indicted Joseph A. Brown and William H. Matthews for aggravated rape. LSA-R.S. 14:42. The trial jury returned a verdict of guilty without capital punishment. On April 24, 1970, defendants were sentenced to life imprisonment.
On appeal, in the absence of perfected bills of exceptions, this court reviewed for errors patent on the face of the record. Finding none, the court affirmed the convictions. See 260 La. 535, 256 So.2d 617 (1972).
In a subsequent habeas corpus proceeding, the United States District Court ordered an out-of-time appeal. In connection with the appeal, the defendants-perfected four bills of exceptions.
The State's theory of the case may be briefly summarized. On March 18, 1969, the victim, a sixteen-year-old girl, and four of her classmates went for an automobile ride with the defendants, Brown and Matthews, and one Henry Haynes. The girls were taken to Brown's home, where the defendants and Haynes beat and raped the victim. Each of the three raped her, two of them raping her more than once. When the victim returned home, she reported the rape to her mother.

*292 BILLS OF EXCEPTIONS NOS. 1 AND 2
Defense counsel reserved bills of exceptions on behalf of both defendants, William Matthews and Joseph Brown, when the court excused two veniremen for cause. The record reflects that the trial judge sustained the challenge after the veniremen made clear that they would automatically vote against the imposition of capital punishment without regard to the evidence that might be developed at the trial.
Article 797 of the Louisiana Code of Criminal Procedure enumerates the grounds for a challenge for cause. It provides:
"The state or the defendant may challenge a juror for cause on the ground that:
(1) The juror lacks a qualification required by law:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense."
That a juror will under no circumstances return a verdict of guilty with capital punishment is included within the fourth ground of the challenges for cause.
The defendants rely upon Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). In Witherspoon, the United States Supreme Court held that veniremen could not be excluded for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. However, the Court made clear that its holding was a narrow one, when it stated:
"It does not involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt. Nor does it involve the State's assertion of a right to exclude from the jury in a capital case those who say that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them. For the State of Illinois did not stop there, but authorized the prosecution to exclude as well all who said they were opposed to capital punishment and all who indicated that they had conscientious scruples against inflicting it." (Italics ours.)
When a prospective juror testifies that he will not return a verdict of guilty with capital punishment, it is proper to challenge that juror for cause. In State v. Cripps, 259 La. 403, 250 So.2d 382 (1971), this Court sustained challenges for cause when the veniremen answered that they could not under any circumstances whatsoever return a verdict of guilty as charged. In State v. Mejia, 257 La. 310, 242 So.2d 525 (1971), the Court upheld challenges for cause after determining from the record that the challenged prospective jurors could not and would not return a capital verdict under any circumstances. See also State v. Richmond, La., *293 284 So.2d 317 (1973); State v. Warren, La., 271 So.2d 527 (1973); State v. Pratt, 255 La. 919, 233 So.2d 883 (1970).
In any event, since the sentence imposed here was life imprisonment, no valid complaint can be based on the ground that the prospective jurors were excused because of their attitude toward capital punishment. In State v. Fallon, La., 290 So.2d 273 (1974), the court stated emphatically, "As pointed out, Fallon was not found guilty of murder and the death penalty was not imposed. Therefore, the rule announced in Witherspoon designed to reprobate the `hanging jury' is not relevant to this conviction." See also State v. Shilow, 252 La 1105, 215 So.2d 828 (1968).
We conclude that these two bills of exceptions are without merit.

BILL OF EXCEPTIONS NO. 3
In his opening statement the prosecutor referred to this crime as "the most aggravated rape I've ever heard of." Defense counsel objected but made no motion for a mistrial. Defense counsel reserved this bill of exceptions when the court overruled his objection to this statement. While overruling the objection, however, the court admonished that the opening statement was designed to outline the state's case and that the prosecutor should "stick to the outline." He further explained that at the proper time he would instruct the jury concerning the statements made by counsel in the opening statements. The error, if any, was not prejudicial. LSA-C.Cr.P. Art. 921. Hence, the bill of exceptions lacks merit.

BILL OF EXCEPTIONS NO. 4
The fourth bill of exceptions was reserved with respect to the court's overruling of defense counsel's hearsay objection to the testimony of the mother of the rape victim. The victim returned home less than one hour after the incident. Her face was bruised and her mouth was swollen. In addition, the victim was wearing different clothes from those which she wore to school that morning. After she was questioned concerning her appearance, she "broke down" and told her mother that she had been raped by three boys. She stated that she had not told her mother as soon as she returned because one of the rapists had threatened her life and warned her not to say anything about the incident.
The Court recently disposed of this identical issue in State v. Pace, La., 301 So.2d 323 (1974). There this Court stated:
"In prosecutions for sex offenses, the overwhelming weight of authority is that the original complaint of the victim, especially that of a young child, is admissible in evidence. State v. Morgan, La., 296 So.2d 286 (1974); People v. Burton, 55 Cal.2d 328, 359 P.2d 433 (1961); People v. Bonneau, 323 Mich. 237, 35 N.W.2d 161 (1948); 65 Am.Jur.2d, Rape, § 76, p. 805; 2 Wharton's Criminal Evidence (Torcia, 13th ed., 1972) § 313, pp. 113-118; McCormick on Evidence (2nd ed., 1972) § 297, p. 709."
In the present case the complaint was made to the mother less than one hour after the shocking episode, while the victim was still in an emotional state. In our opinion, the complaint was sufficiently related to the offense to form part of the res gestae. LSA-R.S. 15:447, 15:448; State v. Morgan, supra; State v. Reese, 250 La. 151, 194 So.2d 729 (1967).
Bill of exceptions no. 4 is without merit.
For the reasons assigned, the convictions and sentences are affirmed.
BARHAM and DIXON, JJ., concur.