351 So.2d 1174 (1977)
STATE of Louisiana
v.
Robert L. ELZIE.
No. 59708.
Supreme Court of Louisiana.
November 14, 1977.
*1175 Joseph Cordill, Jr., Love, Rigby, Dehan & Love, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., B. Woodrow Nesbitt, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Robert Elzie was indicted for committing an attempted aggravated rape which occurred on May 10, 1976 in Shreveport, Louisiana. He was convicted by a jury and sentenced to thirty years imprisonment at hard labor subject to conditions provided by law. He now appeals that conviction and sentence on the basis of six errors which he alleges occurred during his trial. We affirm.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in allowing the admission of hearsay testimony, a repeating of what the rape victim said. The witness, a Mrs. Wright, testified that shortly after the incident the rape victim came to her home, frightened and crying hysterically. The witness said:
"And I kept asking her what was wrong. And she said, nothing, at first. And I just kept asking her. And she said: May I use your telephone? And I said: Well, what's wrong, [name of victim]. And then she told me. She said: Robert raped me. And I saidand I said: Well, yeah use the phone. So, she called her husband and the police." [emphasis added]
The statement of which defendant complains is certainly hearsay because it is the out of court, unsworn statement of a third person offered for the truth of its content. State v. Jacobs, 344 So.2d 659 (La.1976); McCormick, Law of Evidence § 225 at 449 (Hornbook ed. 1954). But we have long recognized an exception to the hearsay rule allowing admission of the early complaints of rape victims. State v. Brown, 302 So.2d 290 (La.1974); State v. Hills, 241 La. 345, 129 So.2d 12 (1961). When there is no unexplained lapse of time between the rape and the victim's complaint, and when the utterance is spontaneous, the person to whom the complaint was made is allowed to repeat the complaint in court. McCormick, supra § 272 at 580; Weinstein's Evidence, § 803(2)[01] at 803-79.
The rape victim here dressed and walked to her friend's house to call her husband and the police because she had no phone of her own. The testimony establishes that she arrived at her neighbor's house *1176 a very few minutes after the rape occurred, frightened and hysterical, and under her friend's questioning she finally admitted, "Robert raped me." Under these circumstances, the witness' testimony as to this victim's statement, which was made under the pressure of the rape and very soon after its occurrence, was properly admitted into evidence.

ASSIGNMENTS OF ERROR NOS. 2 AND 4
Defendant contends in assignment number two that the trial court erred in allowing the state to inquire into facts regarding the true nature of a defense witness' prior conviction. In assignment number four defendant complains of similar questions asked him about one of his prior convictions.
The witness Willie Elzie, defendant's brother, was questioned about his prior conviction for simple battery. The questioning produced information, over defendant's objections, that a woman had accused him of raping her but he was tried and convicted of simple battery in connection with the "rape" incident.
The defendant, Robert Elzie, took the stand and admitted on direct examination to three prior convictions. On cross-examination, he was questioned about an additional five convictions and admitted, over objection, that he was accused by a complainant of beating and raping her, although he was charged with simple battery and pled guilty to that charge.
Defendant complains that these questions served no purpose other than to prejudice the jury against his brother, and to paint him (defendant) as a "bad man," a violation of State v. Prieur, 277 So.2d 126 (La.1973). This argument is without merit. The jurisprudence of this Court[1] has held that the state, in impeaching a defense witness, may not only establish the witness' prior convictions, but may also cross-examine the witness about the details of the prior incident out of which the conviction arose in order to show the "true nature" of the offenses. State v. Jackson, 307 So.2d 604 (La.1975), followed in State v. Elam, 312 So.2d 318 (La.1975); State v. Williams, 339 So.2d 728 (La.1976); and State v. Jackson, 339 So.2d 730 (La.1976). For this reason, the "true nature" of the offenses at issue were properly brought out on cross-examination. The assignments lack merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that two photographs taken of the victim were improperly admitted because no proper foundation had been laid for their introduction. The photographs showed a tatoo on the victim's right thigh; they did not show her face.
The following facts are necessary for an understanding of the complaint. The defense in this case was consent, defendant Elzie testifying that he had slept with the victim about fifteen times, always in the daytime. On cross-examination he testified that he knew of no distinctive markings or tatoos on the victim's body. He was shown the two photographs and told they were pictures of the victim, over defense counsel's objection that the pictures did not show the woman's face. Defendant admitted that he would not have known the victim from the photographs. Subsequently, the state offered the photographs into evidence, and defense counsel objected on the basis that the state had not established when or by whom the pictures were taken. Additionally it was argued that there had been no testimony identifying the person in the photographs as the victim. Although the photographs were admitted into evidence at that time, they were not shown to the jury until after the victim's husband had testified that she had had the tatoo seven years and that he had been present at *1177 the sheriff's office when the two photographs in question were taken. Only after this testimony were the photographs shown to the jury.
The law regarding admission of demonstrative evidence was stated in State v. Dotson, 260 La. 471, 511, 256 So.2d 594, 608-09 (1971), as follows:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case.
* * * * * *
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury."
When a witness has identified a photograph as a true depiction of what it purports to represent, the photographer's testimony is not necessary for laying the foundation. State v. Anthony, 347 So.2d 483 (La.1977); State v. Browning, 290 So.2d 322 (La.1974).
The impact of the photographs upon the jurors did not take place until the jurors were allowed to view them. That viewing did not take place until after the victim's common-law husband had identified the photographs as being of the victim. This identification constituted a proper foundation for admission of the evidence. Under these circumstances, the trial judge's allowing the photographs into evidence before the foundation was laid did not constitute prejudicial error. C.Cr.P. art. 921. The assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
Defendant complains that the trial court erred in allowing a state witness to testify about alleged fraudulent practices. He asserts that the testimony was prejudicial and not relevant to a material issue in the case. The specific testimony of which defendant complains was that of the victim's common-law husband who told of certain bribe offers made by defendant's grandmother. The grandmother had testified in her grandson's defense, and on cross-examination had denied attempting to bribe the victim into dropping charges by offering her money and promising to send defendant to California. On rebuttal, the victim's husband testified over defense objection that defendant's grandmother had indeed made such offers to him and his wife on two occasions.
The state introduced the testimony as to the bribe offers so as to impeach the witness' credibility by showing her bias, interest or corruption in relation to the instant prosecution. R.S. 15:492. Since the state had cross-examined Mrs. Elzie about the alleged conversation and she had denied having had such a conversation with the victim or her husband, a proper foundation had been laid for the introduction of a particular fact showing bias, interest or corruption through the testimony of another witness. State v. Johnson, 322 So.2d 119 (La.1975); 21 Loy.L.Rev. 346 (1975). The assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6
Defendant argues that the trial court erred in allowing into evidence a letter allegedly written by defendant to the victim. In the letter the writer apologized to the victim for "that little incident" and encouraged her to "show him a little sympathy" by not appearing in court. Defendant objected to the introduction of the letter on the basis that there was no positive evidence to support the state's claim that defendant Elzie wrote the letter. The assignment lacks merit.
Although defendant Elzie denied writing the letter in question, he had earlier admitted on cross-examination that he had written a letter to the victim and indicated that he knew she had given that letter to the prosecutor. Additionally, a handwriting expert positively testified that the letter and defendant's handwriting sample were penned by the same hand. The state, therefore, did provide a sufficient foundation for the introduction of the letter. R.S. *1178 15:441; State v. Dotson, supra. The assignment lacks merit.
Accordingly, the conviction and sentence of defendant Robert Elzie are affirmed.
AFFIRMED
NOTES
[1] Three Justices of this Court (Justices Tate and Dennis, and the author) have expressed disagreement with this jurisprudential rule. See State v. Jackson, 339 So.2d 730 at 731; State v. Williams, 339 So.2d 728 at 730; State v. Jackson, 307 So.2d 604 at 609, 610. Nonetheless, because the majority of the Court persists in adhering to the rule set forth in Jackson, we follow it herein.