JASPER E. JONES, Judge.
The defendant, Jimmy Ray Berry, was charged by bill of information with forcible rape in violation of LSA-R.S. 14:42.1 and aggravated burglary in violation of LSA-R.S. 14:60. He was tried by a jury and found guilty on both charges. He subsequently pled guilty to a multiple offender bill under LSA-R.S. 15:529.1 and was sentenced to sixty years at hard labor on the forcible rape charge with four years to be without benefit of probation, parole or suspension of sentence and to fifty years at hard labor on the burglary charge. The sentences were ordered to run concurrently. Defendant appeals his convictions and sentences relying on two assignments of error.[1] We affirm.
Facts
The defendant was charged with these offenses because he broke into the home of a 67 year old arthritic woman who was also suffering from Parkinson’s disease and raped her. Defendant was armed with a “Buck” knife and he threatened to kill the victim if she screamed or did not cooperate. Defendant was intoxicated at the time and went to sleep in the victim’s bed after raping her. The victim, who is a semi-invalid because of her medical problems, went to a neighbor’s home and told Natalie Ochoa and Michael Ritter, who were babysitting for the neighbor, what happened to her. The police were called and defendant was arrested while asleep in the victim’s bed.
Assignment # 1
By this assignment defendant contends the trial court erred in permitting Ritter and Ms. Ochoa to relate the statements made by the victim when she arrived at the neighbor’s home. These witnesses testified the victim told them she had been raped by the defendant who had a knife.
The Louisiana Supreme Court has long recognized an exception to the hearsay rule permitting those who hear the early complaints of a rape victim to relate in court these declarations made by the victim. State v. Middlebrooks, 409 So.2d 588 (La.1982). In some cases the court states the victim’s statements made following the rape are admissible under the res gestae exception. State v. Adams, 394 So.2d 1204 (La.1981); State v. Brown, 302 So.2d 290 (La.1974). In other cases the court implies there is a separate “early complaints of a rape victim” exception to the hearsay rule. State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Elzie, 351 So.2d 1174 (La.1977). In order for such testimony to be admissible there must be no unexplained lapse of time between the rape and the victim’s complaint and the utterance must be spontaneous. State v. Middlebrooks, supra; State v. Elzie, supra.
Defendant argues the complained of testimony was inadmissible because there was no showing made of the time which elapsed between the rape and the complaint. This argument is not supported by the record. The victim went to the neighbor’s home which was only a few feet from the victim’s home and told Ritter and Ms. Ochoa what happened as soon as possible after defendant went to sleep.
Defendant also argues the complaint was not spontaneous. We assume he is complaining that Ritter and Ms. Ochoa elicited the fact the victim was raped by means of question and answer rather than by the victim giving a narrative of what happened. In State v. Elzie, supra, a neighbor’s testimony as to what the victim told her was held to be admissible where the neighbor learned that the victim had been raped by *51 asking her questions. The record in the instant case indicates that because of the victim’s medical problems, she is incapable of giving a coherent sustained narrative of events.
This assignment of error lacks merit.
Assignment # 2
By this assignment defendant contends the sentences imposed are excessive.
The sentences imposed are well within the statutory maximum. Defendant was sentenced as a third felony offender. As such he could have received maximum sentences of eighty years on the forcible rape conviction, LSA-R.S. 15:529.1A(2)(a) and 14:42.1, and sixty years on the aggravated burglary conviction, LSA-R.S. 15:529.-lA(2)(a) and 14:60.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La.1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983).
The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
The record from the sentencing hearing reveals adequate compliance with LSA-C.Cr.P. art. 894.1. Although the trial judge did not articulate each and every mitigating factor contained in the article, he indicated that he considered the mitigating factors but felt them to be far outweighed by the aggravating factors. The aggravating factors alluded to by the trial judge were the circumstances of the instant offenses and defendant’s prior criminal record.
The trial judge obviously felt that the circumstances of the instant offenses were most serious violations of those offenses. Defendant, who is approximately seven feet tall and weighs over 200 pounds, raped and terrorized an elderly victim who is almost completely helpless. He knew the victim previously and was aware of'her physical condition. We agree with the trial judge’s assessment of the serious nature of the offenses.
The presentence investigation report compiled at the direction of the trial judge shows that defendant has an extensive history of committing sexual offenses. His two previous felony convictions were for simple kidnapping'and forcible rape. The bill of information on the simple kidnapping charge, which formed the basis for the first of the two convictions, was amended from forcible rape. Defendant received a probated sentence on that offense and was still on probation when he was convicted on the prior forcible rape charge. The defendant was arrested two other times on rape charges but was not formally charged for those offenses.
The record supports the trial court’s determination that the circumstances of the instant offenses and defendant’s prior record outweigh any possible mitigating circumstances. Defendant has persisted in committing sexual offenses and his former probation and relative short period of incarceration has not rehabilitated him. Society must be protected from the defendant. *52 That goal is best accomplished by incarcerating the defendant for a lengthy period of time. We find no manifest abuse of discretion in the sentences imposed.
This assignment of error lacks merit.
Defendant’s convictions and sentences are AFFIRMED.

. In his assignments of error filed with the trial court defendant alleged five errors. Only two of those were briefed and defense counsel did not argue before this court. Assignments of error neither briefed nor argued are deemed abandoned and are not considered. State v. Buxton, 416 So.2d 71 (La.1982); State v. Rowe, 416 So.2d 87 (1982); State v. White, 446 So.2d 1317 (La.App. 2d Cir.1984).