464 So.2d 841 (1985)
STATE of Louisiana
v.
Michael W. HOYT.
No. 84-KA-55.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
*842 John M. Mamoulides, Dist. Atty., David Loeb, William C. Credo, III, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
John H. Craft, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
Appellant Michael W. Hoyt was convicted of sexual battery by a 12-person jury in the 24th Judicial District Court and sentenced to four years at hard labor.
On appeal, Hoyt assigns these errors:
(1) The trial judge erred by permitting hearsay testimony,
(2) The trial judge erred in denying the defendant's motion for a mistrial following a reference by a prosecution witness to the commission by Hoyt of another crime, and
(3) the evidence did not support the guilty verdict.
Finding no errors in these assignments and finding no errors patent, we affirm appellant's conviction and sentence.
The victim, a 31-year-old female, testified that Hoyt choked her at his residence in Harvey, Louisiana, and "... then he made me lie down on the bed and then he raped me." When she had an opportunity to escape, the victim said, she "... took off through the screen door and ran through the gate and through the fence in the back yard ... I fell down and I jumped right back up and I kept running." She fled toward the Westbank Expressway, where she met a police officer, Robert Anderson.
Anderson stated:
"... at approximately 1:05 a.m., I stopped for a business check at 2248 Westbank Expressway ... to make sure that the business was secure, and while I was parked in the parking lot outside I observed a white female crossing the Expressway towards me. She appeared to be distraught, emotionally distraught, and she asked for a ride home."
Although the victim "... looked like she had struggled or fell or something of that nature ...," Anderson said, she was reluctant to discuss her situation with him.
From the victim's testimony:
"... I asked him (Anderson) if he would just take me home and he said yes and then he asked me what was wrong. I told him I really didn't want to talk about it, just to please take me home and then I got in the police car and he kept trying to get me to tell him what was wrong..."
Anderson, recognizing that something was amiss, brought the victim to a female police officer, Debbie Hooper. The victim told Hooper what had happened to her. At trial, Hooper testified that the victim said that Hoyt "... all of a sudden started choking her and forced her down on the bed ..."
The victim was then taken to the Second District Headquarters, where she described the assault to Detective John Smith of the personal violence section of the Jefferson Parish Sheriff's Office. When Smith testified, he said that the victim told him that she had gone to Hoyt's residence to smoke marijuana. When she wanted to leave, Smith said the victim told him, "... Mr. Hoyt grabbed her around the neck ..." The rape then took place, according to the victim.
Smith stated that his meeting with the victim occurred "... approximately an hour ..." after the alleged incidents in Hoyt's house.
Hoyt testified in his own behalf, saying that the victim had been a willing sex partner. He said, "I went to bed with her but there wasn't no rape to it."
Appellant was charged with forcible rape. The jury found him guilty of sexual battery, a lesser and responsive verdict.
Sexual battery, LSA-R.S. 14:43.1, is:

*843 "Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the person in fear of receiving bodily harm:
"(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
"(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
"Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years."

ASSIGNMENT NO. 1
In this assignment of error, Hoyt contends that the trial judge erred in allowing police officers Hooper and Smith to testify as to what the victim had told them. Appellant argues that the victim's statements, being neither spontaneous nor under the pressure of the alleged rape itself, were hearsay and consequently inadmissible.
Hoyt further submits that because it was the officers' testimony alone which substantiated the victim's allegations, this improperly admitted hearsay evidence had an overwhelming influence on the jury. Citing the test in State v. Banks, 439 So.2d 407 (La.1983), appellant maintains that the reviewing court will not be able to find beyond a reasonable doubt that the hearsay testimony did not contribute to the guilty verdict.
The prosecution, on the other hand, alludes to State v. Elzie, 351 So.2d 1174 (La.1977), wherein the Supreme Court of Louisiana stated:
"... we have long recognized an exception to the hearsay rule allowing admission of the early complaints of rape victims."
In Elzie, the rape victim dressed and walked to a friend's house to call her husband. She arrived at the neighbor's home several minutes after the rape occurred, frightened and hysterical. Under her friend's questioning, she finally admitted, "Robert raped me."
We find the instant facts and circumstances similar to those in Elzie, and we cannot say that the trial judge erred in permitting the police officers to repeat what the victim said very shortly after the incident to Hooper and about an hour later to Smith in the police station.
See also State v. Prestridge, 399 So.2d 564 (La.1981), in which a young rape victim did not complain of the crime until the following day, when she told a babysitter that, "George hurt me like he did once before."
The Supreme Court, citing LSA-R.S. 15:447 and 448, justified the babysitter's testimony as part of the res gestae.
LSA-R.S. 15:447:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
LSA-R.S. 15:448:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
In State v. Middlebrook, 409 So.2d 588 (La.1982), the Supreme Court said:
"This Court has long recognized an exception to the hearsay rule allowing admission of the early complaints of rape victims. At times, the court has characterized these as the `first complaints of rape victims' constituting res gestae exceptions to the hearsay rule. See State v. Adams, 394 So.2d 1204 (La.1981); State v. Brown, 302 So.2d 290 (La.1974). In other cases, the court has referred to *844 such statements simply as `early complaints of rape victims' and ruled that they were admissible as such. See State v. Hatcher, 372 So.2d 1024 (La.1979)..."
Accordingly, the victim's statements to Hooper and Smith were possibly allowable as part of the res gestae as well as being admissible as early complaints of a rape victim.

ASSIGNMENT NO. 2
Hoyt submits that the trial judge was in error when he allowed both the victim and a police officer (Smith) to testify regarding appellant's willingness to share his marijuana with the victim. These were, Hoyt contends, illegal and inadmissible references to another crime, i.e., possession of marijuana, in violation of the guidelines expressed in State v. Prieur, 277 So.2d 126 (La.1973).
Here, however, the testimony complained of was clearly part of the res gestae; therefore, Prieur was not offended. Crimes that fall within the res gestae exception do not require notice to a defendant prior to trial.
The testimony about the availability of marijuana at Hoyt's residence was relevant to show why the victim had gone there, although this testimony, and also the victim's statement that she and her husband smoked marijuana, tended to discredit her as a witness. The State suggests that this is why the jury returned a sexual battery verdict rather than guilty of forcible rape.
Regardless, this assignment of error is without substance. The initial meeting between Hoyt and the victim, the offering of marijuana and the incidents in Hoyt's house form one continuous transaction.
See also State v. Brown, 428 So.2d 438 (La.1983), and State v. Belgard, 410 So.2d 720 (La.1982), in which reference to other crimes was admitted as part of the res gestae without previous notice.

ASSIGNMENT NO. 3
In this final assignment of error, appellant says that the evidence did not support the guilty verdict. He relies on Jackson v. Virginia,[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, stating, in his brief, that "... the only evidence against the defendant is the self-serving statements of an admittedly voluntarily intoxicated woman..."
The victim did not admit to intoxication, and none of the police officers said that she was intoxicated.
Further, there was other evidence, particularly the testimony of the police officers and their description of the victim. Hoyt admitted having sexual intercourse with the victim, with her consent. The victim denied giving her consent, and apparently the jury chose to believe her. When there is conflicting testimony in factual matters, the issue of credibility of witnesses is within the sound discretion of the trier of fact and should not be disturbed on review unless clearly contrary to the evidence. See State v. Robertson, 421 So.2d 843 (La.1982), State v. Klar, 400 So.2d 610 (La.1981), and numerous other decisions.
In reviewing the overall evidence in the present case, we cannot say that a rational jury could not have found appellant guilty of sexual battery beyond a reasonable doubt. Unless the jury chose to believe Hoyt's version of the incidents, which it did not, the evidence does support the verdict returned.

CONCLUSION
For the foregoing reasons, and also because there are no errors patent, we affirm Hoyt's conviction and four-year sentence.
AFFIRMED.
NOTES
[1] Reference also State v. Byrd, 385 So.2d 248 (La.1980).