501 So.2d 885 (1987)
STATE of Louisiana
v.
Jeffrey RICHSON.
No. 86 KA 434.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
John M. Mamoulides, Dist. Atty., John Molaison, Jr., Henry Sullivan, Dorothy A.
*886 Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Jack M. Capella, New Orleans, for defendant-appellant.
Before KLIEBERT, BOWES and GAUDIN, JJ.
KLIEBERT, Judge.
The defendant, Jeffery Richson, was charged by bill of information with one count of resisting officers of the law (R.S. 14:108) and five counts of battery upon a police officer (R.S. 14:34.2).[1] The defendant was tried before the Honorable Herbert G. Gautreaux, Judge, Second Parish Court, found guilty of one count of battery upon a police officer and resisting arrest by the same officer, and sentenced to fifteen days in parish prison.[2] The defendant "appeals" the battery conviction averring the evidence in support thereof is insufficient.[3]
On April 29, 1985 Deputies Bobby Ragsdale and Bob Achor were in the office of the Park Timbers Apartment Complex on Manhattan Boulevard when Mrs. Jennifer Richson entered to lodge a complaint about the air conditioning unit for her apartment. Deputy Ragsdale was off duty and in plain clothes; Deputy Achor was in uniform and was preparing a report on a hit-and-run accident involving Deputy Ragsdale's police unit. Deputy Ragsdale worked a security detail in the complex and lived there rent free. Mrs. Richson and Sandra Prejean, the rental agent, engaged in an argument which grew progressively louder, whereupon, Deputy Ragsdale approached and told Mrs. Richson to calm down or leave. Deputy Ragsdale grabbed Mrs. Richson's hand as she was pointing at him and asking who he was. Deputy Achor then instructed Mrs. Richson to leave the office, and she complied.
Mrs. Richson went to a nearby apartment, phoned her husband, and informed him she had been "assaulted" in the office. Mrs. Richson then phoned the police. After he also phoned the police, Mr. Richson and a friend, Allen Jones, entered the office. In response to Richson's questions, the deputies stated that no one had struck his wife. An argument ensued and Jones grabbed Richson in an attempt to prevent him from striking Deputy Ragsdale. Mrs. Richson re-entered the office and at some point jumped on Deputy Ragsdale's back in an attempt to protect her husband. Other deputies arrived on the scene and, after a brief struggle, succeeded in subduing the Richsons.
In his sole assignment of error the appellant contends the evidence failed to prove beyond a reasonable doubt that he intentionally committed a battery on Deputy Debbie Hooper. The standard used by the appellate court in reviewing such a claim is whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
The essential elements of the crime of battery of a police officer are as follows:
1. The intentional use of force or violence upon the person of a police officer, or the intentional administration of a poison or other noxious liquid or substance to a police officer;
2. without the consent of the victim;

*887 3. when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.
LSA-R.S. 14:33, 14:34.2; State v. Williams, 448 So.2d 753 (2nd Cir.1984).
Deputy Debbie Hooper testified that she responded to a radio call of an unknown disturbance at Park Timbers and upon arrival saw the defendant "screaming and yelling" and "trying to swing with his hands" as Allen held him back. Deputy Hooper, who was in uniform, tried to no avail to calm the defendant down as "there as just no reasoning with him." The defendant continued to scream vulgarities, and Deputy Hooper told him he was under arrest. As she tried to handcuff the defendant he began swinging wildly, broke loose, and wrapped his arm around her head in a choke hold. Deputy Hooper managed to break free and handcuffed the defendant with assistance from other officers. The defendant struck her several times in the chest and arms as she was handcuffing him.
The defendant, his wife, and Mr. Allen testified that the defendant did not strike anyone or offer any resistance as the deputies handcuffed him. However, all deputies present testified both the defendant and his wife struggled and struck blows. The trial court, as the finder of fact, chose to believe the deputies. Because it is the role of the fact finder to weigh the respective credibilities of the witnesses, an appellate court will not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Green, 469 So.2d 1161 (5th Cir.1985); State v. Hoyt, 464 So.2d 841 (5th Cir.1985).
The evidence, including Deputy Hooper's testimony that the defendant grabbed her in a choke hold after she attempted to arrest him, that he struck her several times, and that she was in uniform, was sufficient to show that the defendant had the requisite specific intent to commit a battery on a police officer.
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Similar charges were filed against the defendant's wife, and the cases were heard at the same time. She was found guilty of resisting arrest.
[2] The judge apparently imposed concurrent sentences on the convictions, as the minimum sentence for battery on a police officer is fifteen days without benefit of suspension. The appeal is from the battery conviction; neither the State nor the defendant mention the resisting conviction.
[3] The proper avenue of review for a misdemeanor conviction is by writ application; nevertheless, we will consider the matter in keeping with this Court's policy of fostering judicial economy. See State v. Hansan, 472 So.2d 142 (5th Cir.1985).