553 So.2d 945 (1989)
STATE of Louisiana
v.
Edward WEST.
No. 88-KA-1575.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
*946 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Before GARRISON, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Defendant, Edward West, was indicted on March 14, 1985 for the aggravated rape of Rena Rodrigues, a violation of La.R.S. 14:42. On March 18, 1985, defendant entered a plea of not guilty. Defendant's first trial, held on August 13, 1986, ended in a mistrial. He was retried on June 4, 1987 when a twelve member jury found defendant guilty of attempted forcible rape, a violation of La.R.S. 14:27 and 14:42.1. He was sentenced to serve twenty years at hard labor.
This appeal follows. Through his attorney, defendant raises three assignments of error. By pro se brief, defendant asserts four assignments and further requests a review of the record for errors patent.
Errors Patent
We have reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence. La.C.Cr.P. art. 920. We note that defendant's sentence did not require that defendant serve one year without benefit of probation, parole or suspension of sentence as is required by La.R.S. 14:27 and 14:42.1. Since the State did not raise this issue on appeal, this Court will not correct the sentence. State v. Fraser, 484 So.2d 122 (La.1986).
Hearsay Testimony
By the first assignment of error, the defendant contends that the trial court erred in admitting the testimony of Juan Marillo relating to the statements made to him by the victim. Defendant argues that *947 this testimony constitutes objectionable hearsay.
The statement objected to was made to Mr. Marillo by the victim on the telephone shortly after the rape occurred. Mr. Marillo testified at trial as follows:
I noticed she was crying and she said `I would like to talk to you as soon as possible.' I said, `What's the matter.' She said, `I just want to talk to you.' At that time the phone rang and she said, `I got to get the other line' and that's when she answered the other line. She came back to me and I said, `What's the problem.' She said, `I have to see you as soon as possible, maybe tomorrow.' I said `I am coming over today' and she started crying and she said she had been raped.
The witness' testimony constitutes hearsay as it is an out of court unsworn statement made by a third party and offered for the truth of its content. State v. Elzie, 351 So.2d 1174 (La.1977). Hearsay is inadmissable evidence unless it falls under an exception to the hearsay rule, La.R.S. 15:434.
The Supreme Court has long recognized a res gestae exception to the hearsay rule allowing admission of the early complaints of rape victims. State v. Elzie, supra; State v. Middlebrook, 409 So.2d 588 (La. 1982); State v. Brown, 302 So.2d 290 (La. 1974). The defendant contends that this exception is inapplicable to the present situation as it only applies to the complaints of young children or to adults with mental disabilities, citing State v. Taplette, 519 So.2d 854 (La.App. 4th Cir.1988). We disagree.
The two basic requirements for this exception to the hearsay rule are: 1) there is no unexplained lapse of time between the rape and the victim's complaint and 2) the utterance is spontaneous. When these conditions are met, the person to whom the complaint was made is allowed to repeat it in court. State v. Elzie, 351 So.2d at 1175.
The testimony established that after the occurrence of the rape, the victim, believing her life to be in danger, asked that defendant return to the laundry room with her to finish the washing. Once defendant had left, Mrs. Rodrigues returned to her apartment, showered, tried to telephone her doctor and then phoned Mr. Marillo. Mr. Marillo was the first person she spoke to following the incident and the first person she told that she had been raped.
Under these circumstances, we find that the witness' testimony as to this victim's statement, which was made spontaneously, and very soon after the occurrence of the rape, was properly admitted into evidence. This assignment lacks merit.
Sufficiency of Evidence
Defendant next argues that the evidence was insufficient to find him guilty of attempted forcible rape.
The victim testified that on the morning of February 14, 1985 she began washing clothes in the laundry room near her apartment at approximately 10 a.m. She first saw defendant while she was in the laundry room, and then later she noticed him across the parking lot. When she returned to her apartment with a bundle of clothes she found defendant there. Defendant forced her to perform oral sex on him, threatening to cut her with the knife he was holding if she did not comply. While still holding the knife, defendant forced the victim to have sexual intercourse with him. The victim testified that during the entire ordeal, she felt as though she would be killed.
Following the attack, Mrs. Rodrigues asked defendant to return to the laundry room with her in order to "get him out of the apartment." Defendant finally left the victim that afternoon between 12 and 3 p.m. The victim then telephoned Mr. Marillo. She didn't call her husband or the police because she believed her husband would be angry with her for leaving the apartment door open.
Defendant contends that on the date in question he left work due to family illness at 10:30 a.m. He stopped at the bank on his way home. Testimony established that defendant lived in the same apartment complex as Mrs. Rodrigues. A deposit slip entered into evidence shows that the defendant *948 was at the bank at 10:51 a.m. Defendant claims he then stopped at Walgreen's although there is no evidence which supports this contention. Nevertheless, he states that he arrived home at approximately 11:45 a.m. Even assuming these facts to be true, the jury could have rationally believed that defendant would still have been able to get into Mrs. Rodrigues' apartment and leave "sometime between 12 p.m. and 3 p.m."
Further, the victim testified that defendant called her on numerous occasions following the rape. She was able to record three of these calls, and the tape was played for the jury to hear. The caller admitted on the tape to taking the victim against her will.
Defendant testified at trial, and the jury may have believed that the voice on the tape was that of defendant. In addition, during a taped conversation Mrs. Rodrigues made an appointment to meet the caller at a designated place. Defendant showed up at this scheduled meeting, and he was arrested at this time.
On appeal defendant argues that the evidence is particularly insufficient in that it did not show that Mrs. Rodrigues did not consent to have sex with defendant. Defendant points to certain "eccentricities" contained in Mrs. Rodrigues' testimony to support his contention, citing State v. Mussall, 523 So.2d 1305 (La.1988).
Defendant contends that the victim's testimony is suspect because she continued to wash clothes following the rape instead of calling a friend or the police. However, the victim stated at trial that she returned to the laundry room in order to get the defendant out of her apartment. Defendant also points to the fact that the victim called a male friend following the rape instead of calling her husband, and she didn't notify the police until one week later. The testimony of the victim established that she was afraid her husband would be angry with her for leaving the apartment door open, and she thought telling him would only cause her to suffer more. Defendant also states that it was unusual for the victim to arrange for defendant to see a psychologist, but the victim stated that she believed God wanted her to help the defendant.
Although the victim's actions subsequent to the rape may be subject to various interpretations, the jury heard her testimony, observed her demeanor on the stand and apparently believed her testimony. It is not the function of an appellate court to assess credibility or reweigh the evidence. State v. Rosiere, 488 So.2d 965 (La.1986).
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. State v. Rosiere, 488 So.2d at 968.
Applying the standard for appellate review, we find that viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found every essential element of the crime of attempted forcible rape to have been proved beyond a reasonable doubt. We hold, therefore, that the evidence is sufficient to sustain defendant's conviction.
Tape Recordings
In his next assignment, defendant complains that the trial court erred in allowing into evidence the tape recordings of telephone calls made to the victim. Defendant argues that such recordings were made illegally pursuant to state and federal wiretapping statutes.
Testimony established that the victim began receiving telephone calls from the rapist shortly after the rape occurred. She testified that using her son's tape recorder she recorded three such conversations on February 25 and 26, 1985. The tape of these conversations was played to the jury and later introduced into evidence by the prosecution. Defense counsel did not object to the playing of the tape, but raised an objection when it was introduced into evidence.
*949 Although Louisiana law generally prohibits the interception of wire or oral communication, an exception is made where the interceptor is a party to the communication. La.R.S. 15:1303(B)(4). Since the calls were recorded by the victim who was a party to the conversation, they were not illegally intercepted. We conclude that the trial court did not err in allowing the tape into evidence. This assignment lacks merit.
Medical Report
Defendant next contends that the state failed to produce the medical report from the physician who examined the victim following the rape. Defendant argues that such report is exculpatory evidence, and that the State's failure to produce it created reversible error.
Prior to trial of this matter, the defense filed a motion for discovery, bill of particulars and motion for production. The State answered, but did not include a medical report in its response.
In State v. Prudholm, 446 So.2d 729, 738 (La.1984), the Supreme Court stated that where a general request is made for exculpatory materials, a conviction will only be overturned if the omitted evidence created a reasonable doubt that did not otherwise exist.
In the present case, the jury was told during trial that there was no physical evidence of a rape having occurred, even though the victim was examined by a doctor the day after the rape. Consequently, we are unable to find that the State's failure to produce the report constituted reversible error. Defendant's assignment is without merit.
Assistance of Counsel
The defendant next argues that he was denied his constitutional right to effective assistance of counsel at trial. In support of his contention, defendant points out several alleged errors made by his trial attorney.
We find that this argument is premature. Defendant's contentions involve factual matters not included within the record before this Court. The issue of whether defendant was denied effective assistance of counsel is more properly raised by application for post conviction relief in the district court, not by direct appeal. State v. Truitt, 500 So.2d 355 (La.1987).
Sentencing
In a final assignment of error, defendant argues that the trial court erred in imposing an unconstitutionally excessive sentence of twenty years, the maximum penalty for attempted forcible rape under La.R.S. 14:27 and 14:42.1.
Defendant argues that at the time of his arrest he was employed in a responsible position at Martin Marietta. Further, at the time of sentencing he was twenty seven years old and a first offender.
La. Const. of 1974, Art. 1, Section 20 provides that, "No law shall subject any person ... to cruel, excessive or unusual punishment." "A constitutionally excessive sentence is one that is grossly out of proportion to the severity of the crime; or makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court held for the first time that a sentence may be excessive although it is within the statutory limits. However, a trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Smith, 437 So.2d 252 (La.1983); State v. Jenkins, 454 So.2d 282 (La.1984).
In order to insure adequate review by the appellate court, there must be an indication that the trial court considered the guidelines set forth in La.C.Cr.P. art. 894.1 in determining defendant's sentence. State v. Davis, 449 So.2d 452 (La.1984). The sentencing judge need not articulate every factor mentioned in 894.1, but the *950 record must show he adequately considered the guidelines. State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983). Further, where the evidence in the record shows an adequate factual basis for the sentence, the 894.1 guidelines have been satisfied. State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984).
In the present case, the trial court refers to article 894.1, Paragraphs A-1, 2 and 3 during the sentencing hearing. The trial judge gave no indication that he had considered any of the defendant's mitigating circumstances as is required by 894.1, Paragraph B. An imposition of the maximum penalty on defendant, a first offender, in the absence of articulated reasons may be construed to be excessive. Because the trial judge in sentencing the defendant, failed to articulate his reasons for imposing the maximum sentence, this case must be remanded for resentencing in compliance with Art. 894.1.
For the foregoing reasons, the defendant's conviction is affirmed but his sentence is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED AND CASE REMANDED TO THE TRIAL COURT.