hTHOMAS F. DALEY, Judge Pro Tem.
The defendant was indicted by the St. Charles Parish Grand Jury for the second degree murder of Michael Stewart. The defendant pled not guilty and was tried by jury. The jury returned an unanimous verdict of guilty after a two day trial. The defendant filed a motion for new trial on the grounds that the verdict was contrary to the law and the evidence and that there was new and material evidence that would have changed the verdict. The trial court denied the motion for new trial and sentenced the defendant to life imprisonment at hard labor without benefit of parole. The defendant asserts that his conviction was in error. We find no error and affirm the trial court.

FACTS

On the evening of May 30, 1992, a dance team review was held at Destrehan High School located on the east bank of St. Charles Parish. The defendant, Kenneth Woodbum, and his ex-girlfriend, Holly Weber, attended the function. As the defendant walked Ms. Weber to her car after the review, a Cadillac driven by Glen Darensbourg, whom Ms. Weber was currently dating, drove up. Michael Stewart, the victim, was a passenger in Darensbourg’s vehicle. The young men acknowledged each others’ presence, and left the high school without incident.
| gLater that evening, Michael Stewart, Glen Darensbourg, Holly Weber and Sara Daspet (hereinafter referred to as the Dar-ensbourg group) drove to the local Burger King. While they were standing in the parking lot, they observed a Monte Carlo proceed through the “drive-thru” window. The car was being driven by Richie Woodburn, the defendant’s cousin. As the Monte Carlo drove past, Mike Stewart “threw his hands in the air” in response to hostile words and or stares by the passengers in Woodburn’s car. A passenger in the Woodburn vehicle then yelled to the Darensbourg group to remain at the Burger King because they would return for a fight. The defendant was not present during this exchange.
The Monte Carlo then headed to David Brewer’s residence where the defendant was located. When informed that Holly Weber was at Burger King with Glen Darensbourg, the defendant became aggravated and jumped in the ear. The occupants of the car at this point were Richie Woodburn (driver), Kenneth Woodburn, Michael Hernandez, Michael Monteilh, and Brian Hosner (hereinafter referred to as the Woodburn Group). They proceeded first to Burger King. When they did not find Darensbourg there, they headed to Sara Daspet’s residence where they found the Darensbourg group. As the Woodbum group began to exit their vehicle, Sara Daspet ran from her yard advising the Woodburn group to leave because if there was any fighting her mother would call the police.
After the Woodburn group departed, Holly Weber asked Glen Darensbourg to take her home. While heading toward Ms. Weber’s residence, Glen Darensbourg flagged down Franciso Silver. Toni Giarusso and Nicole English were passengers in Silver’s vehicle. Both vehicles stopped at the corner of Or-mond Boulevard and Thomas Colby Drive. As the Darensbourg group told Silver what was occurring, the Woodbum group slowly drove up in the Monte Carlo. Michael Stewart then walked up to the Monte Carlo and struck its window, whereupon the Woodburn group departed. The Darensbourg and Sil *1265 ver groups then proceeded to Holly Weber’s residence.
The Woodburn group, at the defendant’s request, drove towards his residence. The defendant entered his residence from the rear Rand retrieved a .22 caliber revolver. When he returned to his cousin’s vehicle, he instructed him to proceed toward Holly Weber’s residence.
The defendant next instructed his cousin to drop him and the other passengers off a block away from Holly Weber’s residence. The defendant gave specific instruction to his cousin not to exit the vehicle because he didn’t want him to get hurt. After exiting the vehicle, the defendant armed with a hand gun and Michael Hernandez armed with an axe handle began walking toward Holly Weber’s residence. Michael Stewart began walking toward the defendant. Nicole English and Toni Giarusso ran ahead of Stewart and pled with the defendant not to fight. The defendant ignored the requests of Ms. English and Ms. Giarusso and continued approaching Michael Stewart.
Glen Darensbourg, in an attempt to break up the impending fight, drove his ear from Weber’s residence toward the defendant. As the defendant jumped out of the way in order to avoid being hit, a single shot was fired at the Cadillac.
Thereafter, Kenneth Woodburn and Michael Stewart continued to approach each other. The defendant aimed his gun with both hands at Michael Stewart and fired repeatedly at close range. Michael Stewart was struck by four bullets. After the shooting, the Woodburn group fled.
Michael Stewart died as a result of the bullet wounds inflicted on him by defendant, Kenneth Woodburn.

DISCUSSION

The defendant contends that the evidence was insufficient to support the conviction of second degree murder, specifically that the state failed to establish that he did not act in self-defense and, alternatively, that the evidence only supported a verdict of manslaughter because there was no evidence of specific intent.
In evaluating the sufficiency of the evidence, the standard used by the appellate court is whether viewing the evidence in the light most favorable to the.prosecution, any rational trier of fact Ucould have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 528 So.2d 1305 (La.1988).
LSA-R.S. 14:30.1(A)(1) defines second degree murder as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. Thus, the state must show that the defendant 1) killed the victim; and 2) that the defendant had the specific intent to kill or to inflict great bodily harm. State v. Robinson, 598 So.2d 407 (La. App. 5th Cir.1992).
Additionally, when a defendant claims self-defense, the state has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. On appeal the relevant inquiry is whether a rational fact-finder, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the homicide was not committed in self-defense. State v. Garcia, 483 So.2d 953 (La. 1986).
LSA-R.S. 14:20 provides in pertinent part:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger ...
However, LSA-R.S. 14:21 provides:
A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.
Testimony in this ease supports the State’s position that the defendant was the aggressor and that he killed Michael Stewart when he shot him. The defendant admitted that *1266 he retrieved a revolver from his residence before returning to the scene where he initiated the circumstances leading to the victim’s demise. His conduct did not indicate any intent to withdraw from the conflict. All of the witnesses present, except the defendant, testified that he was looking for a fight. Toni Giarusso, Michael Monteilh and Michael Hernandez all testified that the defendant shot the victim.
|sThe jury rejected the defendant’s claim of self defense by returning a unanimous verdict of guilty of second degree murder. It is the role of the fact finder to weigh the respective credibilities of the witnesses. An appellate court shall not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard. State v. Richson, 501 So.2d 885 (La.App. 5th Cir.1987).
After a careful review of the record, it appears that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the defendant was the aggressor and was precluded from asserting self-defense as justification for this homicide.
Having disposed of the issue of self-defense, we must now consider defendant’s position that there was no evidence of intent. The testimony at trial established that the defendant sought out the victim more than once. The defendant armed himself with a dangerous weapon. The defendant aimed the weapon and shot Michael Stewart repeatedly. These elements combined are evidence of intent to inflict great bodily harm sufficient to satisfy the elements of the crime of second degree murder. Discharging a firearm aimed at the victim is indicative of intent to kill or inflict great bodily harm. See State v. Robinson) supra. The jury was not persuaded by defendant’s claim that he was acting to resolve the conflict between the two groups nor is this court.
Secondly, the defendant contends that the trial court abused its discretion when it denied the defendant’s motion for new trial based on newly discovered evidence.
LSA-C.Cr.P. art. 851 establishes the standard of review for determining whether a trial court has erred in denying a motion for a new trial. That article provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
⅜ # ⅜ # ⅜ ⅜
16(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty ...
Thus a defendant seeking a new trial based on newly discovered evidence must establish four elements: (1) that the new evidence was discovered after the trial; (2) that failure to discover the evidence prior to trial was not due to the defendant’s lack of diligence; (3) that the evidence is material to the issues at trial; and (4) that the evidence is of such a nature that it would probably produce a different verdict in the event of a retrial. State v. Knapper, 555 So.2d 1335 (La.1990).
On review a trial court’s discretion will be given great weight; however, where the exercise of discretion is arbitrary and the judgment is unjust, it will be set aside. Furthermore, it is not for the trial court to weigh the evidence to determine the guilt or innocence of the defendant; rather the court must ascertain whether another jury presented with all the evidence including that recently discovered would probably reach a different verdict. State v. Knapper, supra.
At the hearing on the motion for new trial, Jack Calley, a neighbor of Holly Weber, testified that on the night of the murder he followed Ms. Weber home from Ormond Boulevard at her request. Before leaving her residence, he asked her what was happening. She responded that there was a little dispute involving hollering at the defendant’s friends. *1267 Calley told the Darensbourg group to leave before there was any trouble and he departed in his vehicle.
As he drove away from Holly Weber’s residence, he observed Darensbourg’s Cadillac drive toward a group of people who were approaching from the other end of the street. After he saw the Cadillac swerve to the side, he heard a loud blast. Next, he heard a single shot from a small caliber gun followed by an overlapping of shots.
Considering all the evidence adduced at trial, it does not appear that Calley’s testimony would have resulted in a different verdict. There was testimony at trial regarding the oncoming ^Cadillac and gun fire. Furthermore, Calley’s testimony does not refute the fact that the defendant retrieved a weapon before going to the residence of Holly Weber, his ex-girlfriend, and that he shot the victim. As such, the trial court did not abuse its discretion in denying the defendant’s motion for new trial.
Judgment of the trial court is affirmed.

AFFIRMED.