393 So.2d 1278 (1981)
STATE of Louisiana
v.
Lloyd SAUNDERS.
No. 80-KA-1476.
Supreme Court of Louisiana.
February 4, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., Abbott J. Reeves, Herman L. Lawson, Asst. Dist. Attys., for plaintiffappellee.
Richard Ware, Ronald J. Kilgarlin, Ware & Kilgarlin, Natchitoches, for defendantappellant.
*1279 NED E. DOUCET, Justice ad hoc.[*]
On November 6, 1979, the defendant, Lloyd Saunders, was arrested for altering a prescription for Percodan to read "70" instead of "10" in violation of R.S. 40:971(B)(1)(f). He was indicted by a grand jury for this offense on February 6, 1980 and defendant plead guilty on April 2, 1980. A sentencing hearing was held on May 28, 1980, allowing a pre-sentence investigation. The defendant, who was found to be a third felony offender, was sentenced to four (4) years imprisonment at hard labor and, in addition, to pay a fine of $3,500 together with court costs, or in default of payment, to serve one additional year of imprisonment.
Defendant does not enumerate assignments of error but argues errors which relate to the excessive sentence rendered by the District Court.
The defendant argues that the trial court's imposition of what amounts to a five (5) years sentence for this victimless crime, is clearly excessive despite the fact that it complies with the statutory maximum of five (5) years, with or without hard labor, as authorized by La.R.S. 40:971. It is well established that the sentencing judge does not possess unbridled discretion to impose a sentence within statutory limits, regardless of mitigating facts. State v. Sepulvado, 367 So.2d 762 (La.1979).
The record in this case reveals that the trial court gave great weight to the defendant's prior record which showed two (2) prior felony convictions for passing worthless checks. The court concluded that these two prior felonies rendered the defendant ineligible for probation, therefore the Court gave no further consideration to the grounds listed in La.C.Cr.P. Art. 894.1(B).
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation;
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;

*1280 (10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. THE COURT SHALL STATE FOR THE RECORD THE CONSIDERATIONS TAKEN INTO ACCOUNT AND THE FACTUAL BASIS THEREFOR IN IMPOSING SENTENCE.
[Emphasis added.]
However, the criteria of Art. 894.1 provide the appropriate guidelines by which to measure not only whether a sentence is excessive, because it specified confinement rather than the less onerous sentencing alternatives, but additionally, whether a sentence is excessive by reason of its length. State v. Sepulvado, supra.
The defendant argues that the sentence which was actually imposed clearly demonstrates that the trial court gave no consideration to the defendant's circumstances as outlined in the pre-sentence investigation report and as testified to by the defendant at the sentencing hearing. The pre-sentence report reveals that the defendant is presently thirty years old, married, with three children. He is employed by the Merchant Marines earning approximately $1600 per month.
The defendant's involvement with narcotic drugs began in 1976 when he broke his back while working on a tugboat. Pursuant to the surgical removal of two discs from his back he became addicted to the pain-killer "Demerol" which had been prescribed by the treating physicians. He eventually "kicked" this habit and returned to work, only to be injured again on a ship, in 1979, when his little finger was caught in a line and ripped off. The physician treating the defendant consistently prescribed the pain-killer "Percodan" and the defendant again became drug-dependent. On November 2, 1979 the defendant underwent surgery for the third time on his hand. He had developed gangrene in the bone so it had to be amputated. The treating physician again prescribed Percodan and on November 4, 1979 the defendant altered that prescription to read "70" pills instead of only "10".
As the Court pointed out in State v. Jackson, 360 So.2d 842, 843 (La.1978), the Codal sentencing article [C.Cr.P. Art. 894.1(B)] "establishes procedures designed to adapt the sentence to the offender as well as the offense".
When the factors listed in Article 894.1(B) are applied to the circumstances of the present case, it appears that most of those mitigating factors are applicable.
Because the defendant neither stole the pills nor intended them for re-sale: (1) the defendant's criminal conduct neither caused not threatened serious harm; and (2) the defendant did not contemplate that his criminal conduct would cause or threaten serious harm. Due to the extreme pain suffered by the defendant; (3) the defendant acted under strong provocation; and (4) there was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense. (5) There was no "victim"; (6) So, no "compensation" is possible; (7) Only the defendant's "prior criminal activity" appears to have been considered by the trial court; (8) Although this defendant quite obviously has an addictive personality, short of another serious physical injury, this criminal conduct appears unlikely to recur; (9) The defendant's strong motivation to kick his addiction is demonstrated by his own independent efforts to seek professional drug-counseling help; (10) Defendant's strong desire to enter a drug rehabilitation program, as evidenced by the record, indicates that he is particularly likely to respond affirmatively to such a probationary condition; (11) In view of the fact that the defendant is the sole support of his wife and three children, it appears that imprisonment would entail hardship to his family and place an unnecessary additional burden upon the state's prison and welfare systems.
It appears that the trial court's failure to consider any of these factors arose from the judge's reasoning that since the defendant was a multiple offender, probation was precluded, *1281 and that, therefore, Art. 894.1(B) was inapplicable. As noted earlier, State v. Sepulvado, supra, held that these factors were also the criterion for determining the appropriate length of the sentence, therefore, they should have been considered by the trial court and the defendant argues that the failure to take these considerations into account constitutes inadequate compliance with Article 894.1 and this Court may therefore remand for resentencing. State v. Cox, 369 So.2d 118 (La.1979).
The defendant, however, principally argues that under La.C.Cr.P. Art. 893 he was eligible for probation. That article reads in pertinent part: When "the best interests of the public and of the defendant will be served, the Court, after conviction of a felony... which is a violation of the controlled dangerous substances law of Louisiana... may suspend the execution of imposition of the sentence of a multiple offender and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs...."
The trial court refused to apply Article 893 in the present case, apparently because the judge did not believe that the defendant qualified "as a narcotic addict". The judge indicated that because the defendant had successfully kicked the habit in the past without the aid of any drug rehabilitation program, that he did not qualify for the special probationary treatment provided by Article 893. This reasoning overlooks the fact that the defendant's past efforts to kick his habit, although temporarily successful, were short-lived. Perhaps a professional program is exactly what is required to ensure that the defendant's drug addiction will be permanently cured. It appears from the record and the pre-sentence report that this defendant is an excellent candidate for the special probationary treatment afforded by Article 893.
Furthermore, Article 893 specifically leaves to the drug rehabilitation programs the decision whether to accept or reject any particular candidate:
".... if for any reason the defendant is rejected by said program he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence be executed."
La.C.Cr.P. Art. 893. The trial court's ruling that the defendant was not a narcotic addict and was therefore not qualified for the program, appears to be an abuse of discretion as well as being unfounded.
As State v. Spencer, 374 So.2d 1195 (La. 1979) notes, if the trial court has stated the factual basis and individual considerations on which the sentence is based, then review will focus upon whether the trial court's large discretion has been abused.
Defendant complains that his sentence is excessive, under the facts. This Court has the constitutional duty to review sentencing. We are unable to make a determination, in this case, because the trial judge failed to adequately articulate the factual basis for his sentencing decisions as required by La.C.Cr.P. Art. 894.1.
We therefore remand for further articulation of the determination of sentence.
Accordingly, the sentence is vacated and set aside and the case is remanded to the district court for resentencing.
REMANDED.
NOTES
[*] Judges Cecil C. Cutrer, Jimmy M. Stoker, and Ned E. Doucet, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Pascal F. Calogero, Jr., James L. Dennis, and Jack C. Watson.