LOBRANO, Judge.
Defendant, Chester Taplette, was charged by bill of information with the forcible rape of Montrel Mitchell, a violation of La.R.S. 14:42.1.
Defendant was arraigned on December 20, 1985 and pled not guilty. On April 7, 1986, following a judge trial, defendant was found guilty as charged.
On April 21, 1986, defendant was sentenced to serve six (6) years at hard labor with the first two years to be served without benefit of parole, probation or suspension of sentence. Defendant was given credit for time served.

FACTS:

On Sunday, October 6, 1985, Donna Higgins left her eighteen year old retarded daughter, Montrel Mitchell, and her ten year old son, Gonnie Higgins in the custody of defendant while she attended church. Defendant and Ms. Higgins had maintained an ongoing affair for approximately two years during which defendant came and went from the Higgins home as he pleased.
Upon returning from church, Ms. Higgins noticed Montrel withdrawn and very quiet. Defendant was uneasy and nervous and told Higgins that he should have gone with her to church that morning. Although Higgins found their behavior strange, she did not pursue the matter assuming that Montrel had an argument with her brother, and that defendant was simply remorseful for not having attended church.
Defendant left the home the following morning and did not return.
Approximately a week later, Montrel, upset and crying, approached her mother stating that she had something to tell her but was afraid. Higgins comforted Montrel and assured her that she could tell whatever was bothering her. Montrel then told her mother that on the preceding Sunday, while her mother was at church, defendant “put his privacy between my privacy.” Montrel stated that she was afraid to tell her sooner because defendant threatened to punch her and her mother in the face if she told what happened. Ms. Higgins, shocked and unwilling to believe Montrel’s statements, did not call the police that day. The following day she telephoned defend *856 ant and confronted him with Montrel’s accusations. Although defendant denied raping Montrel, Higgins felt he was lying, accepted Montrel’s account of what happened and telephoned the police. Officer David Seghers responded to the call. After an interview with Higgins and Montrel, an arrest warrant was issued for defendant. On November 14, 1985, defendant turned himself in to Officer Mason Spong of the New Orleans Police Department’s Rape Investigation Unit.
Defendant appeals his conviction and sentence asserting the trial court erred in admitting the testimony of Donna Higgins as to the statements made to her by Mon-trel regarding the alleged rape. Defendant asserts that because Montrel’s statements were made seven days after the alleged rape, the statements constitute inadmissible hearsay in that an unexplained lapse of time occurred thus precluding the statements from falling under the res gestae exception to the hearsay rule. La.R.S. 15:W; State v. Yochim, 496 So.2d 596 (La.App. 1st Cir.1986).
Hearsay is an out of court statement made by a third party and offered for the truth of its content. State v. Elzie, 351 So.2d 1174 (La.1977); State v. Gray, 502 So.2d 1114 (La.App. 4th Cir.1987); State v. Simmons, 484 So.2d 894 (La.App. 1st Cir. 1986). Hearsay is inadmissible evidence unless it falls under an exception to the hearsay rule. La.R.S. 15:434. One such exception is the res gestae exception defined in La.R.S. 15:447 as follows:
“Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
Our Supreme Court has expanded the res gestae exception to include the original complaint of a young child “... when the particular facts and circumstances of the case indicate that it was a product of a shocking episode and not a fabrication.” State v. Prestridge, 399 So.2d 564 (La.1981) at 572. The original complaint of the young child is the statement made at the first reasonable opportunity under the particular facts and circumstances of the case. State v. Adams, 394 So.2d 1204 (La.1981); State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Noble, 342 So.2d 170 (La.1977); State v. Pace, 301 So.2d 323 (La.1974); State v. Gray, supra; State v. Garay, 453 So.2d 1003 (La.App. 4th Cir.1984).
The traumatic condition of the child must also be considered in determining the res gestae or first reasonable opportunity for the child to tell his or her story. The initial complaint of a victimized child is often quite traumatic due to the fact that more often than not the abusive experience involved a close relative or friend. State v. Simmons, supra; State v. Adams, supra; State v. Garay, supra; State v. Garay, supra.
The evidence strongly suggests Montrel Mitchell is mentally and emotionally still a child. Ms. Higgins testified that Montrel is mentally retarded. She further testified that, although Montrel attended O. Perry Walker High School, she did not receive a high school diploma. Instead she received a diploma from the special education department.
While it is argued that seven days constitutes an unexplained lapse of time precluding the res gestae exception, the victim’s low mental capacity and fear of the defendant, who came and went in the family home as he pleased, are particular facts and circumstances which convince this Court that it was not error to admit the victim’s statements. We believe her statements were made at a time that she perceived to be her first reasonable opportunity to complain.
However, even, assuming arguendo, the statements are construed as inadmissible hearsay, a review of the record convinces us that any prejudice that may have occurred was cured by the subsequent corroborating testimony of Montrel and her brother. State v. Banks, 439 So.2d 407 (La.1983).
Montrel was questioned extensively at trial as to the difference between right and wrong and telling the truth and telling a *857 lie. All her answers were credible and consistent that she knew the difference. She unhesitatingly stated that she was telling the truth.
Montrel testified that shortly after her mother left for church, defendant came into her room and requested that she go with him to her mother’s bedroom. She refused, at which time defendant grabbed her arm pulled her thru her brother’s room into her mother’s room, ordered her to lie on the bed, undressed her and himself, forced her legs open and put “his privates between my privates”. She stated that she struggled, screamed and attempted to get away from defendant but was unable to do so. Defendant threatened that if she told her mother what happened that he would punch her and her mother in the face.
Gonnie Higgins, Montrel’s brother, testified that at the time he heard the altercation between defendant and Montrel, he was lying down in his room. He heard defendant ordering Montrel to lie on the bed in his mother’s bedroom and heard Montrel repeatedly refuse to do so. He could hear defendant and Montrel wrestling on the bed. Montrel was crying and asking defendant to stop. He testified that from what he heard he believed defendant had raped his sister but did not tell his mother because he was afraid of defendant.
Defendant took the stand in his own behalf and denied raping Montrel. Defendant asserted that the accusations against him were nothing more than revenge by Ms. Higgins because he refused to stop visiting his mother and refused to stop dating other women. Obviously, the trial judge believed the testimony of Montrel and her brother and not that of defendant. The credibility of witnesses is for the trier of fact to determine. State v. Lee, 458 So.2d 533 (La.App. 4th Cir.1984).
For the foregoing reasons, defendant’s conviction and sentence is affirmed.
AFFIRMED.