GARRISON, Judge.
The defendant, Gail Dunn, was charged by grand jury indictment with first degree murder, a violation of LSA-R.S. 14:30. A jury found the defendant guilty of second degree murder. She was later sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals.
On July 30, 1987, at approximately 2:00 a.m., Detective Louis Berard of the New Orleans Police Department responded to a call of a possible homicide at the corner of Washington and Danneel Streets in New Orleans. Upon his arival at the scene, Detective Berard found the victim, Annette Woolridge, dead with a single gunshot wound through her throat. Detective Ber-ard found no weapon near the victim’s body.
Detective Berard then began interviewing witnesses to the shooting who informed him that the person who shot Annette Woolridge was Gail Dunn, the defendant in this case. A photograph of the defendant was obtained by Detective Berard and included in a photographic lineup. Several witnesses then selected the defendant’s photograph as that of the person who had shot and killed Annette Woolridge. The defendant was arrested later that evening.
Kathy Woolridge, an aunt of the victim, testified that she was with the victim earlier that evening at the Dynasty Lounge. The defendant was also in the lounge that evening. According to Kathy Woolridge, the three of them were outside of the lounge at approximately 2:00 a.m. Allegedly, the victim leaned over to take off her shoes and as she stood up, the defendant shot her. This witness claimed that the victim did nothing to provoke the defendant prior to the shooting. Following the shooting of Annette Woolridge, Kathy Wool-ridge stated that she ran over to help the victim and that the defendant then fired three shots at her so she ran back into the bar.
The testimony of Kathy Woolridge was corroborated by Cheryl Covington, the sister of the victim; Mary Woolridge, another aunt of the victim; Nicole Brown, a friend of the victim; and Ronald Muse, a cousin of the victim. Ada Bullock testified that, shortly before the shooting, she saw the defendant’s sister, Kim Dunn, hand the defendant a gun. Bullock claimed that she warned the victim and Kathy Woolridge about the gun and then went back inside the bar. She did not witness the shooting.
The defendant’s version of the events outside of the Dynasty Lounge in the early morning hours of July 30, 1987 differs greatly from that of the other witnesses. The defendant testified that as she walked out of the lounge, she was followed by Mary Woolridge and Kathy Woolridge, who both pulled out knives, Cheryl Covington, who pulled out a pair of scissors and Annette Woolridge, the victim, who broke a beer bottle and started walking toward the defendant threatening her with the broken bottle. The defendant claims that she told the victim that she did not want to fight but that the victim continued to threaten her with the broken bottle. Defendant claims that, at that time, the gun that she *97 was carrying accidently discharged striking and killing the victim.
According to the defendant, the victim’s boyfriend removed the broken bottle from the victim’s hand immediately after the shooting and disposed of it. The defendant also said that after the shooting, Kathy Woolridge approached her in a threatening manner so she fired one shot into the air.
The defendant also testified that several members of the Woolridge family had attacked her earlier that night in the bar so a man unknown to her handed her a gun to protect herself because she was pregnant. The defendant admitted having a prior conviction for manslaughter.
On appeal, the appellant argues that the trial court erred in failing to give proper jury charges regarding self-defense. Specifically, she argues that the jury instructions were deficient because they failed to inform the jury that the State had the burden of proving that the shooting was not a matter of self-defense.
Appellant is correct in her assertion that the trial judge erred in failing to advise the jury that the State had the burden of proving that the shooting was not a matter of self-defense. See State v. Carter, 227 La. 820, 80 So.2d 420 (La.1955). However, because appellant neither objected to the jury instructions given by the trial judge at trial nor submitted her own written jury charges including an instruction about the burden of proof regarding self-defense, she cannot now complain about the court’s failure to include this instruction. See LSA-C.Cr.P. art. 801. Therefore, this assignment of error has no merit.
In the second assignment of error, the appellant argues that the evidence presented at trial is insufficient to support her conviction for second degree murder. Specifically, she contends that the State did not prove that the shooting did not occur in self-defense.
In determining whether evidence is sufficient to support a conviction, an appellate court must review the evidence in the light most favorable to the prosecution and decide whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case, the appellant was convicted of second degree murder. LSA-R.S. 14:30.1 defines second degree murder as the killing of a human being where the offender has a specific intent to kill or to inflict great bodily harm. The appellant admits shooting the victim but contends that the shooting was a justifiable homicide under LSA-R.S. 14:20 because it was committed in self-defense.
Once a defendant has raised the issue of self-defense, the State then has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense. State v. Rosiere, 488 So.2d 965 (La.1986). In this case, the appellant argues that she shot the victim in self-defense only after the victim advanced on her with a broken bottle and only because she feared for her safety and that of her unborn baby. However, several witnesses to the shooting testified that the appellant shot the victim as she stood up after removing her shoes. All of these witnesses also testified that, prior to the shooting, the victim was not holding a broken bottle or any other weapon and had not threatened or approached the defendant.
Defendant’s testimony that the victim was the aggressor in this incident is completely uncorroborated and, in fact, is contradicted by several witnesses. The jury apparently chose to believe the testimony of the State’s witnesses rather than that of the appellant. Their credibility determination is a reasonable one and will not be disturbed on appeal. Therefore, viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have rejected appellant’s contention that she acted in self-defense and found her guilty of second degree murder. This assignment of error has no merit.
In the final assignment of error, the appellant argues that the trial court erred in refusing to allow her to introduce evidence of the fact that she was pregnant at the time of the shooting. However, the record *98 reveals that appellant testified during cross-examination that she was four months pregnant at the time of the shooting and that she subsequently gave birth at Charity Hospital.
It is unclear from the record and appellant’s brief exactly of what the inadmissible evidence consisted. The record shows that appellant sought to admit certain documents, that the prosecution asked for a conference to be held in the judge's chambers and that following that conference, the documents were not mentioned again. Furthermore, any additional evidence regarding appellant’s pregnancy at the time of the shooting would have been cumulative at best because of appellant’s uncontroverted testimony as to that fact. Therefore, even if the trial judge erred by refusing to allow the evidence which the defense sought to introduce regarding appellant’s pregnancy, such errof would be harmless. This assignment of error is without merit.
For the reasons stated above, we affirm the appellant’s conviction and sentence.
AFFIRMED.