560 So.2d 986 (1990)
STATE of Louisiana
v.
Aubrey E. KOMURKE.
No. 89-KA-1730.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1990.
*987 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Elizabeth W. Cole, Glenn Weber, New Orleans, for defendant-appellant.
Before GARRISON, BYRNES and ARMSTRONG, JJ.
BYRNES, Judge.
Aubrey Komurke appeals his conviction of attempted aggravated rape and aggravated crime against nature for which he was sentenced as a multiple offender to sixty years and ten years at hard labor with the sentences running concurrently.
The record reflects that on the evening of September 24, 1988, Detective Bouyelas of the Child Abuse Division of the New Orleans Police Department received two complaints concerning the victim, an eleven-year old. Both a neighbor and the victim's mother reported information they received from neighborhood children. The victim testified that she previously met the defendant, whom she called "Gene" in the park near Coliseum Square. She had been to the defendant's residence at 1620 Prytania Street on five or six occasions and had watched pornographic movies and viewed pornographic magazines with him in his upstairs bedroom. The victim stated that on the afternoon of September 24, 1988, she and Gene had taken separate showers and then engaged in intercourse and other sexual acts in the defendant's bedroom. Thereafter, the victim took another shower before leaving. Her description of the defendant's residence was corroborated by Detective Bouyelas's testimony. At trial, the victim initially failed to identify the defendant because he had shaven his beard and mustache and had lost weight, but she later indicated that the defendant was "Gene". She testified that the defendant had given her candy and cold beverages on her visits.
When Detective Bouyelas arrived at the victim's residence on September 24, 1988, he talked briefly to the neighbor, the victim and the victim's mother to determine whether the complaint was a case for the Child Abuse Office. The detective took the victim and her mother to his office at police headquarters, where he interviewed the victim alone. Thereafter, he took the victim to Charity Hospital for a physical examination. Although the tests were negative for seminal fluid, there was evidence of genital trauma. That night, the victim pointed out the location of the defendant's residence to the detective. When a search warrant was executed two days later, officers seized twenty-two pornographic video tapes and several pornographic magazines from the defendant's residence.
On appeal, defendant contends that the trial court erred in (1) refusing to dismiss a juror for cause; and (2) allowing Detective Bouyelas to testify about the statement made to him by the victim.
During voir dire, a prospective juror, who had been a victim of a crime, negatively answered the defense attorney's question of whether she would want a person of her frame of mind to be sitting at the defense table. The trial judge asked the *988 juror if she would be unable to be fair to the State or the defense and she replied, "no". The defense counsel reurged his challenge for cause and the juror affirmed that she would not change the rules and would do her best to give the same opportunity of fairness that she would to anybody on any crime when called upon to serve as a juror. The trial judge denied defense's motion to excuse the juror for cause. Defendant claims that the trial judge abused his discretion in refusing the defendant's challenge for cause, thereby denying the accused of his right to trial by an impartial jury under La.C.Cr.P. Art. 797(2).
To maintain an appeal of the trial court's ruling, defendant must have "exhausted all his peremptory challenges." State v. Gray, 533 So.2d 1242 (La.App. 4th Cir.1988), writ denied, 546 So.2d 1209 (1989); State v. Smith, 430 So.2d 31 (La. 1983). Because he exercised only eleven of his twelve peremptory challenges, defendant is precluded from a review of this issue on appeal. Additionally, the record indicates that in further questioning, the juror was adequately rehabilitated and she stated that she could be impartial. We find no abuse of the trial court's discretion.
Defendant also argues that Detective Bouyelas's testimony concerning the victim's statements was inadmissible hearsay. Under La.Code of Evidence Art. 801(C), hearsay is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Article 801(D) provides in part:
A statement is not hearsay if:
(1) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
(d) Consistent with the declarant's testimony and is one of initial complaint of sexually assaultive behavior.
The statement is admissible where the particular facts and circumstances of the case indicate that it was a product of a shocking episode and is not a fabrication. The original complaint of the young child is the statement made at the first reasonable opportunity under the particular facts and circumstances of the case. State v. Prestridge, 399 So.2d 564, 572 (La. 1981); State v. Gray, 502 So.2d 1114, 1116 (La.App. 4th cir.1987). The traumatic condition of the child must be considered in determining the res gestae or first reasonable opportunity for the child to tell his or her story. Gray, supra, 502 So.2d at 116. In State v. Garay, 453 So.2d 1003 (La.App. 4th Cir.1984) this court upheld the admissibility of the social worker's testimony concerning the victim's statement of sexual abuse a few days after the incident.
This appellate court noted:
A very young child raped by an adult standing in the position of parent, caretaker or friend cannot be expected to immediately come forward with a complete and exact report of the event. The courts have recognized that the child may be unable to speak about the incident until she considers herself safely in the presence of a compassionate adult whom she can trust. Because the child has no clear understanding of what has been done to her, her "original complaint" often consists of responses to the questioning of a patient, persistent adult who draws the child's story from her.
Brenda apparently attempted to vaguely relate, either to her nurserymates or to the adults caring for her, defendant's sexually molesting her. The adults who heard her intimations and failed to take the time to reassure her, listen patiently, and help her draw out an account to the best of her five year old ability were clearly at fault. Their failure to take action, however, should not render inadmissible Brenda's statement to Ms. George, the first adult who actually took Brenda aside, reassured the child, and told Brenda that she wanted to hear what she had to say. We feel that Brenda's statement to Ms. George was made at the first reasonable opportunity under the particular facts and circumstances of the case, and was, therefore, properly admitted. Id. at 1007-1008.
*989 In the present case, the victim's mother testified that previously she had become angry with the victim when her daughter had experienced a similar incident a few years before. The mother stated that she heard about the victim's present incident from other children and a neighbor. She testified that when the daughter came home, she appeared to be frightened and smelled of men's cologne. Rather than confront her daughter, the mother stated that she had called the police for them to question the victim about the incident.
In light of the mother's reaction to the prior event, it appears that the victim would have been hesitant or afraid to speak to her mother. The record indicates that the victim made her first complaint to the police officer. This presented the first reasonable opportunity for the victim to report the details of the incident to a responsible concerned adult. Under the circumstances of this case, we find that the trial court properly held that the testimony was admissible.
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.