LOBRANO, Judge.
Defendant, Romander Minor, was charged by bill of indictment with the second degree murder of Roderick Bright, a violation of La.R.S. 14:30.1.
Defendant was arraigned on August 28, 1989 and pled not guilty. Defendant was tried by a twelve member jury on December 11, 1989 and was found guilty of manslaughter. On February 2, 1990, defendant was sentenced as a first offender to serve fifteen (15) years at hard labor.
*977 FACTS:
On October 25, 1988 defendant and a friend, Dwayne Simon, were eating at the E & C Lounge when they were approached by the victim, Roderick Bright. After speaking briefly to defendant, Bright left the lounge after telling the owner that he would return shortly. Approximately twenty minutes later, defendant and Simon left the lounge. As defendant and Simon attempted to enter their car, Bright drove his car in front of defendant and Simon’s car, blocking their exit. Bright jumped out of his car, approached defendant and verbally threatened him. As Bright attempted to return to his car, defendant shot him a total of nine times. Bright was struck five times in the back and once in the buttocks, head, calf and shoulder. Defendant and Simon then fled the scene. When the police arrived they found Bright on his knees with his arms at his side and his head on the floor of the driver’s side of the car. No weapons were found.
At trial, Daphne Lambro, Bright’s cousin, testified that she was attending a nearby school when she heard gunshots. She ran to the scene and observed defendant shooting Bright. She stated defendant shot Bright at least once after Bright was down. After defendant and Simon fled, Lambro stated she went closer to Bright and noted that he was still breathing. She then ran back to school to call her grandmother and the police. She further testified that she saw no weapon when she looked inside the car.
Dwayne Simon testified that defendant and Bright quarreled earlier in the E & C Lounge about money defendant owed Bright. This argument resumed after defendant and Simon left the lounge and culminated shortly before defendant shot Bright. Simon stated that Bright threatened to kill defendant and that defendant shot him after Bright reached inside his ear for a gun.
Defense witness, Annette Dennis, testified that she witnessed defendant shoot Bright. She stated that she saw Bright grab defendant as he was trying to get into his car, place his finger, which he formed into the shape of a weapon, against defendant’s head pushing it several times in a threatening manner. She was unable to hear what Bright told defendant. She testified that defendant then began shooting Bright. Bright turned and attempted to return to his car. Defendant continued to shoot Bright. After defendant fled, she stated a man, who she refused to identify, removed a gym bag from the front of Bright’s car before the police arrived.
Defendant took the stand in his own behalf. He testified that he and Bright quarreled over money he owed Bright. He stated that Bright would not give him more time to pay, told him “today was your limit” and threatened to kill him. Defendant testified that shortly before he shot Bright, Bright reached into his car to get a gun. Defendant testified that he shot Bright with a revolver and only fired six shots, none after Bright was on the ground. After being recalled, however, defendant testified he got rid of the gun after the shooting, that the gun belonged to a friend, that he was unfamiliar with guns, that he did not know if the gun was a revolver or an automatic and that he was not sure if he only fired six shots. Defendant denied reloading the gun and shooting Bright several times after he was down.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial judge erred in failing to grant a defense motion for continuance where the state withheld exculpatory evidence which it had in its possession;
2) The state failed to carry its burden of proving beyond a reasonable doubt that defendant committed murder in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection, and that defendant did not act in self defense;
3) The trial court erred by imposing an unconstitutionally excessive sentence.
ASSIGNMENT OF ERROR 1:
Defendant asserts that the trial judge abused his discretion by failing to *978 grant a defense motion for a continuance to locate two witnesses whose testimony was favorable to defendant.
The record reveals that following a hearing on September 9, 1989 during which defendant acknowledged satisfaction with the State’s responses to his motion for full discovery, defendant learned that the state was in possession of the name of a witness whose testimony was favorable to defendant. Pursuant to the mandate of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the trial court instructed the state to provide defendant with the name of witness, Annette Dennis. Two days later, defense counsel discovered Ms. Dennis was incarcerated in Orleans Parish Prison. Ms. Dennis was immediately interviewed. Dennis stated that she and Gloria Terrell and Phillip Relicks observed a man remove a “weapon” from Bright’s car prior to the police arriving. Defendant asserts this testimony corroborates defendant’s theory of self defense. On December 5, 1989, defense counsel advised the trial court of the information received from Dennis and made a motion for in camera inspection to determine if the state was withholding additional Brady material. The motion was granted and the trial was continued to December 11, 1989 to allow defendant an opportunity to find Terrell and Relicks. On December 11, 1989, prior to trial, defense counsel requested another continuance asserting that because he was involved in another trial, he had only three days, including Saturday and Sunday, to locate the missing witnesses. The trial court denied the motion for continuance and the trial proceeded.
Defendant asserts that the trial court’s denial of the motion for continuance constitutes an abuse of discretion. In support of his argument, defendant cites State v. Benson, 368 So.2d 716 (La.1979)[1] wherein the Supreme Court held that denying a Motion for Continuance when important evidence is revealed to the defense only a matter of days prior to trial constitutes an abuse of discretion.
Code of Criminal Procedure Article 709 provides:
“A motion for continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendant of the witness.
Whether the denial of a Motion for Continuance is reasonable depends on the circumstances of each case. State v. Gaskin, 412 So.2d 1007 (La.1982).
A review of the record shows that neither Dennis nor any other witness testified that a weapon was found in Bright’s possession or that Bright had a weapon prior to the shooting. Dennis testified that she observed a man remove a “gym bag”, not a weapon from Bright’s car. Furthermore, Dennis testified that defendant began shooting at Bright before Bright attempted to return to his car. Thus, even assuming arguendo, that Bright was attempting to reach for a weapon inside the gym bag, this would not support defendant’s claim of self defense.
In addition, defendant states that the testimony of Terrell and Relick would have served to corroborate Dennis’ testimony. The denial of a trial continuance based on the absence of witnesses where the testimony of the missing witnesses would be cumulative, is not an abuse of discretion. State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), writ den., 516 So.2d 130. Thus, unlike the facts in Benson, supra, the testimony of Terrell and Relicks was not necessary nor material to defendant's case.
*979 Finally, defendant failed to provide any facts and circumstances showing a probability that Terrell and Relicks would be available if trial was deferred. Defendant provided only one address which the sheriffs deputy and defense counsel both testified was a vacant house with seizure notices posted on the outside.
We find no abuse of discretion in the trial court’s denial of defendant’s motion for continuance.
ASSIGNMENT OF ERROR 2:
Defendant contends there was not sufficient evidence for the jury to have found him guilty beyond a reasonable doubt of killing Bright in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. In addition, defendant maintains the state failed to prove the shooting was not done in self defense.
The question of sufficiency of evidence is proper for review, but depends on whether the court, after viewing the evidence in the light most favorable to the prosecution, can determine that there was sufficient evidence for the trier of fact to have found defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tassin, 536 So.2d 402 (La.1988).
Defendant was charged with second degree murder, a violation of La.R.S. 14:30.1. The jury found defendant guilty of the responsive verdict of manslaughter. La. R.S. 14:31; Code of Criminal Procedure Article 814(A)(3).
Manslaughter is:
“(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; ...”
La.R.S. 14:20 provides that a homicide is justifiable:
“(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger....”
Once a defendant has raised the issue of self defense, the state has the burden of establishing beyond a reasonable doubt that the defendant did not act in self defense. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Dunn, 548 So.2d 95 (La.App. 4th Cir.1989).
The following evidence was adduced at trial. Defendant stipulated that he fired the shots which caused Bright’s death. He contends, however, that he shot Bright as Bright reached for a gun. No gun was seen or found in Bright’s possession. Annette Dennis testified that defendant began shooting Bright before Bright attempted to return to his car. Bright was shot nine times, five in the back. Thus, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt the essential elements of manslaughter — acting in sudden passion or heat of blood and not in self defense.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts that his fifteen (15) year sentence is excessive.
The Louisiana Constitution prohibits the imposition of excessive punishment Art. I, Sec. 20. The imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable by this Court oh appellate review. State v. Cann, 471 So.2d 701 (La.1985).
A sentence which appears to be severe is considered excessive and unconstitutional if it is “grossly out of proportion to the sever *980 ity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The trial judge must articulate reasons for an apparently severe sentence tailoring it to the individual offender and the particular offense. State v. Tilley, 400 So.2d 1363 (La.1981); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987). Code of Criminal Procedure Art. 894.1 sets forth the criteria to be used by the trial court in its determination. The trial court need not articulate every circumstance cited, but it must indicate that it considered the 894.1 guidelines in tailoring a particular sentence to a particular defendant convicted of a particular crime. State v. Guiden, 399 So.2d 194 (La.1981). Not only the aggravating circumstances, but the mitigating circumstances as well must be considered, State v. Franks, 373 So.2d 1307 (La.1979) and the court must state the factual basis underlying its conclusion. State v. Saunders, 393 So.2d 1278 (La.1981). Accordingly, the sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand, 446 So.2d 1210 (La.1984); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
At defendant’s sentencing hearing, the trial court noted the sacredness of human life, thus emphasizing the seriousness of the offense of manslaughter. The trial judge considered defendant’s past criminal record which consisted of a conviction for aggravated battery with a gun, and arrests for aggravated assault, misdemeanor theft, juvenile carrying a gun in public, juvenile armed robbery, possession of cocaine with intent to distribute and juvenile shoplifting.
In mitigation, defense counsel argued that Bright was a drug dealer and was the aggressor.
The trial court then sentenced defendant to serve fifteen (15) years at hard labor (six years short of the maximum), based on the facts of the case, defendant’s prior criminal record and because any lesser sentence would deprecate the seriousness of the offense.
Thus, the trial court adequately considered the Art. 894.1 guidelines in imposing this particular sentence for this particular defendant convicted of this particular crime. State v. Guiden, supra.
Although not unbridled, the trial court is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La.1982).
Once adequate compliance with Art. 894.1 is found, the reviewing court must look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of defendant’s case, keeping in mind that the maximum sentences should be reserved for the most egregious of offenders. State v. Cann, supra; State v. Brogdon, supra; State v. Francosi, supra; State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986), writ den. 488 So.2d 1019.
Insofar as the length of the sentence, claims of excessive sentences by defendants who were sentenced to fifteen (15) years for manslaughter have been evaluated and affirmed by our Supreme Court.
In State v. McMahon, 391 So.2d 1120 (La.1980), the defendant was convicted of manslaughter and sentenced to fifteen years at hard labor. The defendant shot her husband when left alone with him in their bedroom several minutes after they had exchanged words. Several guests who heard the shot rushed into the bedroom to find the victim slumped across the bed. Defendant was standing in the room with a gun in her hand. At the sentencing hearing, three witnesses who had employed defendant testified that they had complete trust in her, and they had no reason to believe that she had a violent temper. The defendant did not have a history of criminal behavior. The Supreme Court conclud *981 ed that the sentence imposed was not unconstitutionally excessive.
In State v. Tompkins, 429 So.2d 1385 (La.1982), defendant armed with a hand gun confronted a patron outside defendant’s barroom threatening another patron with a knife. When the victim refused to drop the knife, defendant shot and killed him. Defendant was forty-one years old with no prior criminal record. He also had been married for eighteen years and had four children, one with serious medical problems. Defendant’s minister and his present and previous employers all testified on his behalf. Despite their finding that the sentence was severe, the Supreme Court did not find the fifteen year sentence unconstitutionally excessive.
Accordingly, we hold that defendant’s assertion that his sentence is excessive is without merit. Defendant's criminal record shows a propensity for criminal behavior which culminated in the loss of human life. We agree with the trial court’s assessment that any lesser sentence would deprecate the seriousness of the offense.
This assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence is affirmed.
AFFIRMED.

. In Benson, defense counsel received information concerning a note allegedly written by the defendant during an armed robbery. Three days prior to trial, defendant requested a continuance to obtain the services of a hand writing expert. The trial court denied the motion.