hLANDRIEU, Judge,
concurs in part and dissents in part.
Here, as in State v. Soraparu, 93-1636 (La.App. 4 Cir. 1/19/95), 649 So.2d 1100, the trial judge sentenced the defendant to the maximum because he disagreed with the jury verdict of attempted manslaughter rather than attempted second degree murder.
Boyd is a first offender and should be sentenced as such according to the jury’s verdict. A sentence of twenty years for a first offender convicted of attempted manslaughter under the circumstances of this case is excessive and an abuse of the trial court’s discretion. Furthermore, the sentence deviates widely from those heretofore imposed for attempted manslaughter.
In State v. Coleman, 94-0666 (La.App. 4 Cir. 12/15/94), 647 So.2d 1355, writ denied 95-0145 (La. 5/19/95), 654 So.2d 1354, a first offender received fifteen years for manslaughter. In State v. Minor, 580 So.2d 975 (La.App. 4 Cir.1991), a defendant with several prior convictions also received fifteen years for firing six shots at the victim and killing him.
As we stated in Soraparu, supra, at 1105, 1106, “[w]here overly broad sentencing ranges are established, only appellate review can assure a degree of consistency in sentencing practices. It is inimical to a fair system of justice that each trial judge should have unlimited discretion to impose any sentence of his or her choosing within that broad range without appellate review to bring about a reasonable degree of consistency.”
|2For these reasons and those stated in Soraparu, supra., I would affirm Boyd’s conviction, vacate his sentence, and remand for resentencing.