THOMPSON, Judge.
B.W. (the “mother”) filed a petition seeking post-minority support from A.L. (the “father”) for the parties’ daughter. After conducting a hearing, the trial court granted the mother’s petition and ordered the father to pay 50% of the daughter’s college tuition, fees, and book expenses, and to pay $225 per month for the daughter’s room and board expense. The father appealed.
The record indicates that the daughter currently attends Shelton State Junior College. The daughter testified that the cost of tuition at Shelton State is $52 per semester hour. She testified that she did not know the average cost of books per semester, but she testified that the cost of books for her two summer classes was $127. The daughter has a basketball scholarship from Shelton State for tuition and books during the fall and spring semesters. The scholarship does not pay for any tuition or books for- the summer semester.
While attending Shelton State, the daughter has lived at home with her mother and stepfather. The mother testified that the daughter’s “share” of the household expenses for her room and board was $450 per month.
The daughter reached the age of majority after completing her first year at Shelton State. The father stopped paying the required monthly child support when the daughter reached the age of majority. The father and daughter have a strained relationship.
The daughter, testified that she had a 3.2 grade-point average at Shelton State and that after the 1998-99 school year she planned to transfer to the University of Alabama in Birmingham, which is a four-year university.
The father earns approximately $22,000 annually. He is remarried and has two children with his present wife. The father’s net monthly income is $1,413.24. His wife earns a net monthly income of *1239 $2,062.24. The father testified that his family’s monthly living expenses and debt obligations total $8,887.41, which is more than the couple’s combined net income. The father testified that he generally tried to pay one-half of the family expenses.
The father’s income and expenses were essentially undisputed. The mother disputed only the necessity of approximately $268 of the father’s claimed expenses. Those expenses relate to assistance the father and his present wife provide to the wife’s daughter and the wife’s sister. Even excluding those expenses, the father’s portion of his family’s expenses is $1,809 per month, which exceeds his monthly income. The father’s present wife testified that she sometimes pays more than half of the family’s expenses because she earns more than her husband.
The mother earns approximately $47,000 per year; she testified that she sometimes works overtime in order to earn money to assist her daughter with her college expenses. The mother is also remarried and shares household expenses with her new husband. The mother presented no evidence regarding her present husband’s income or her family expenses or debts.
“In order for a trial court to grant post-minority educational support for a child of divorced parents, the court ‘shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.’ Ex parte Bayliss, 560 So.2d 986, 987 (Ala.1989) (emphasis in original). In Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990), this court held that a parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself or herself.”
Mauldin v. Mauldin, 699 So.2d 1271, 1273 (Ala.Civ.App.1997). “[T]he duty of a parent to provide a college education is of a lesser magnitude than the duty to provide food and shelter to a minor child unable to support himself/herself.” Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990) (citation omitted).
In this case, it appears that the daughter has the ability and the willingness to obtain a college education. On appeal, however, the father argues that he is not financially able to contribute to the daughter’s college education without undue hardship to himself. The father argues that the facts of this case are similar to those of Jones v. Philpot, 591 So.2d 864 (Ala.Civ.App.1991), and that the order of the trial court should be reversed.
In Jones v. Philpot, supra, the mother sought post-minority support for the parties’ son; the trial court ordered the father to pay $300 per month toward the son’s college costs. The father had a new family and earned $1,516 per month; his family’s monthly expenses were approximately $1,300 per month. This court stated that “[o]rdinary arithmetic would indicate that after taxes and other deductions, the father has a disposable income barely sufficient to meet his current financial obligations.” Jones v. Philpot, 591 So.2d at 867. This court reversed the trial court’s award of post-minority support, holding that such an award would constitute an undue hardship on the father. Jones v. Philpot, supra.
In this case, the father’s undisputed monthly expenses exceed his monthly income; his family is dependent on the income of the father’s wife in order to meet the monthly expenses. We must agree that the father does not have sufficient income or a sufficient estate to provide post-minority assistance to the daughter without undue hardship to himself. Given the undisputed evidence regarding the father’s income and expenses, we hold *1240 that requiring him to pay post-minority support would constitute an undue hardship. For that reason, we must reverse the trial court’s judgment. However, we note that the father has contributed toward the expenses of other members of his family. Given the daughter’s aptitude for and commitment to her education, we would encourage the father to make what contributions are possible for him to make toward helping to defray the costs of the daughter’s education.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.