I. Undue Hardship
I dissent from that portion of the opinion affirming the requirement that the father pay 75% of the daughter's postminority educational expenses at junior college because I have concluded that the imposition of the award poses an undue hardship on the father. The father presented evidence indicating that, after deducting his expenses from his net income, he has approximately $20 per month remaining in disposable income. Although the trial court heard the father testify that he hoped to get enough overtime in the future to enable him to pay for one-half of the daughter's expenses at junior college, as he admitted he had agreed to do, the father clearly testified that he had little or no control over when he would be offered overtime and that he had been offered only approximately 8 hours of overtime in the 4 months preceding the trial as opposed to the nearly 20 hours in overtime he had routinely been offered on a biweekly basis.
Although this court has routinely stated that "undue hardship" does not mean without personal sacrifice, see Thrasher v. Wilburn, 574 So.2d 839,841 (Ala.Civ.App. 1990), I cannot, based on the expense figures submitted by the father, agree that the order requiring the father to pay 75% of the costs of his daughter's attending junior college is not an undue hardship on this father. The father's income had substantiallydecreased, yet the trial court increased the father's obligation from 50 percent to 75 percent! This court has reversed an award of postminority educational support when "[o]rdinary arithmetic would indicate that after taxes and other deductions, the father has a disposable income barely sufficient to meet his current financial obligations." Jones v. Philpot,591 So.2d 864, 867 (Ala.Civ.App. 1991); see also Fielding v. Fielding,843 So.2d 766 (Ala.Civ.App. 2002); A.L. v. B.W., 735 So.2d 1237, 1239-40
(Ala.Civ.App. 1999). As we said in Fielding,
 "to require a parent to pay a portion of a child's postminority-educational expenses despite the fact that he or she may be required to incur additional debt to do so goes beyond mere personal sacrifice. A child is not entitled to have his or her parent finance all or part of postminority-educational endeavors without regard to the financial impact doing so would impose upon that parent. A trial court considering whether to award postminority-educational support should consider several factors, but must focus 'primarily [upon] the financial resources of the parents and the child.' Ex parte Bayliss, 550 So.2d at 987."
Fielding, 843 So.2d at 769.
 II. Applicability of Bayliss
The premise of Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), was that a court *Page 567 
could order postminority educational support if the noncustodial parent decided not to provide college expenses that the child "probably would have had if their parents had not divorced." 550 So.2d at 995.
That premise does not apply to this father because, in addition to payment of child support, he voluntarily provided financial support to his older daughter and agreed to do likewise for his younger daughter. There was no evidence indicating that the father's support for the older daughter's education was less than it would have been if the parties had not divorced. "The State, by and through its elected judges, should not be the director of education for children." Ex parte Tabor, 840 So.2d 115,126 (Ala. 2002) (Moore, C.J., concurring in part and dissenting in part).
 III. Evidence on Remand
I also dissent from that part of the opinion reversing the award of postminority-educational expenses for attendance at a four-year university because of lack of evidence of the costs to be incurred. McAlpine v.McAlpine, [Ms. 2010352, Nov. 15, 2002] ___ So.2d ___, ___ (Ala.Civ.App. 2002) (stating that a party should not be afforded the opportunity to submit sufficient evidence of college expenses on remand) (Crawley, J., concurring in the result). The majority remands the case "for the trial court to take such further evidence as it deems necessary." 855 So.2d at 565.
 IV. Burden of Proof
The following statements in the majority opinion that "the trial court erred in failing to take such evidence," 855 So.2d at 565, and "[w]e remand the case for the trial court to take such further evidence as it deems necessary" are incorrect because the grandparents bear the burden of proving college expenses. 855 So.2d at 565. Ex parte McFadden Eng'g,Inc., 835 So.2d 996 (Ala. 2002) (in our judicial system, the burden of proof is always on the party bringing the allegations); and InternationalUnion v. Russell, 264 Ala. 456, 88 So.2d 175 (1956).
 V. Grandparent Resources
"[T]he trial court shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child." Ex parte Bayliss, 550 So.2d 986,987 (Ala. 1989). The grandparents provided no evidence of their and the daughter's financial resources. Without such evidence, the trial court cannot decide what percentage or amount of support the father should be required to pay.
 VI. Conclusion
In conclusion, I would reverse the trial court's judgment. Rather than remand for the trial court to take evidence, I would instruct the trial court on remand to enter an order denying the requested increase in postminority educational support. The grandparents failed to present sufficient evidence of their and the daughter's financial resources, and the father presented evidence indicating that the award would pose an undue hardship.